IN the MATTER OF the MEDICAL INCAPACITY PROCEEDINGS AGAINST Nancy A. SCHLIEVE, Attorney at Law.†

Supreme Court

*No. 97–3862–D. Filed October 15, 1998.*

(Also reported in 585 N.W.2d 585.)

¶ 1.   PER CURIAM.   We review the recommendation of the referee that the license of Nancy A. Schlieve to practice law in Wisconsin be suspended indefinitely for reasons of her medical incapacity. The referee made findings of fact in respect to Attorney

---

†Motion for reconsideration filed October 30, 1998.

Schlieve's conduct in three matters and in respect to her compliance with conditions the court imposed on her license in a prior proceeding and concluded that her medical incapacity substantially prevents her from performing her profession to acceptable professional standards and presents a danger to her clients and to the public.

¶ 2. We determine that the seriousness of Attorney Schlieve's conduct established in this proceeding and its relation to her alcoholism require the indefinite suspension of her license to practice law until such time as she establishes that she no longer has a medical incapacity that interferes with her practice of law and presents a danger to clients, the courts, and the public.

¶ 3. Attorney Schlieve was admitted to practice law in Wisconsin in 1990 and practices in the Eau Claire area. On September 12, 1997, the court imposed conditions on her practice of law directed toward her rehabilitation from alcoholism. *Medical Incapacity Proceedings Against Schlieve*, Case No. 96–3390-D. When it filed the petition in the instant proceeding, the Board of Attorneys Professional Responsibility (Board) moved that Attorney Schlieve's license be suspended temporarily pending disposition of the proceeding. When she did not respond to the order to show cause issued on that motion, the court, by order of March 11, 1998, suspended Attorney Schlieve's license to practice law pending disposition of this proceeding.

¶ 4. Attorney Schlieve was personally served with the petition in this proceeding but did not file a responsive pleading or otherwise appear. The referee then had a hearing on the Board's motion for default judgment, at which Attorney Schlieve did not appear,

611

and made findings and conclusions based on the petition.

¶ 5. In May, 1996, Attorney Schlieve was appointed by the State Public Defender to represent a client. The following August that client told the judge presiding in her case that Attorney Schlieve had failed to inform her of the date scheduled for a motion hearing and the date scheduled for another court hearing and that she first became aware of those scheduled hearings after learning that bench warrants had been issued for her arrest. The court appointed other counsel to represent that client. Responding to the Board in that matter, Attorney Schlieve asserted that she kept in contact with the client and informed her of all court dates by telephone and by letter. Subsequently, the circuit judge assigned to the matter told the Board that it appeared from Attorney Schlieve's correspondence, his review of his clerk's notes, and his own recollection that Attorney Schlieve may have attempted to mislead the court regarding her contacts with the client.

¶ 6. In a second matter, a client retained Attorney Schlieve in the spring of 1996 to represent him in a criminal proceeding. When he was unable to reach Attorney Schlieve, he appeared for his status conference in that matter with a lawyer assigned by the State Public Defender. Attorney Schlieve failed to appear for a subsequently scheduled status conference, despite having been informed of it and of the court's practice of canceling a jury trial if the defendant's counsel failed to appear at a status conference. The court then rescheduled the status conference and notified Attorney Schlieve that she had either to withdraw as the client's counsel or to appear at that conference and that in the event of her failure to do either, she would be held in contempt. Attorney Schlieve failed to appear at the

conference, and the court informed her that it considered her to be in contempt but gave her one final opportunity either to withdraw as the defendant's counsel or appear for a subsequently scheduled status conference. Attorney Schlieve did not appear at that conference, and the court issued an order to show cause why she should not be dismissed as counsel for the defendant. When Attorney Schlieve did not appear at the hearing on that order to show cause, the court dismissed her as the defendant's counsel.

¶ 7. In a third matter, on the report of an observer, the police issued a citation to Attorney Schlieve for operating a motor vehicle after revocation - second offense. A criminal complaint subsequently was filed, which included a charge of knowingly obstructing an officer by misrepresenting her whereabouts on the date in question. In November, 1996, one month after that complaint was filed, a similar complaint was filed in a neighboring county, which included a charge of obstruction based on Attorney Schlieve's initially having given the police officer her name as "Amy C. Schlieve."

¶ 8. In May, 1997, at a trial on charges of operating a motor vehicle after revocation and obstructing an officer, after final arguments were presented, Attorney Schlieve left the courthouse while the jury was deliberating. When she returned to hear the jury's guilty verdict, it was apparent she had been consuming alcohol. The bailiff detected a strong smell of alcoholic beverage when he escorted Attorney Schlieve to the clerk's office and then to the jail, and he immediately instructed her to report to her probation officer. During the investigation of these matters undertaken by the district professional responsibility committee, and after a number of postponements and reschedulings,

Attorney Schlieve did not appear. The committee was informed that Attorney Schlieve would be admitted to an alcohol treatment facility for an inpatient treatment program.

¶ 9. In addition, Attorney Schlieve did not respond to the requests of the Board's administrator for proof of her compliance with several of the conditions we imposed on her license to practice law September 12, 1997, including attendance at outpatient alcohol dependency counseling sessions, random urine or blood screening, and attendance at recovery support group meetings. Attorney Schlieve also did not respond to a subsequent letter from the administrator informing her of her need to do so.

¶ 10. We adopt the referee's findings of fact and conclusions of law and determine that Attorney Schlieve's license to practice law must be suspended indefinitely until such time as she establishes to the satisfaction of the court that she no longer suffers a medical incapacity that interferes with her practice of law. We also require Attorney Schlieve to pay the costs of this proceeding, as the referee recommended.

¶ 11. IT IS ORDERED that the license of Nancy A. Schlieve to practice law in Wisconsin is suspended for an indefinite period, commencing the date of this order and until further order of the court.

¶ 12. IT IS FURTHER ORDERED that within 60 days of the date of this order, Nancy A. Schlieve pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Nancy A. Schlieve to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 13. IT IS FURTHER ORDERED that Nancy A. Schlieve comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law has been suspended.