In the MATTER OF MEDICIAL INCAPACITY PROCEEDINGS AGAINST Nancy A. SCHLIEVE, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY, n/k/a Office of Lawyer Regulation, Complainant-Appellant,

v.

Nancy A. SCHLIEVE, Petitioner-Respondent.

Supreme Court

*No. 1997AP3862–D. Oral argument May 14, 2009.
Decided March 30, 2010.*

2010 WI 22

(Also reported in 780 N.W.2d 516.)

For the complainant-appellant there were briefs by *Keith L. Sellen* on behalf of the Office of Lawyer Regulation, Madison, and oral argument by *Keith L. Sellen.*

For the petitioner-respondent there were briefs by *Nancy A. Schlieve,* and oral argument by *Nancy A. Schlieve.*

¶ 1. PER CURIAM. The Office of Lawyer Regulation (OLR) appeals Referee Russell Hanson's report and recommendation that Attorney Nancy A. Schlieve's license to practice law in Wisconsin be reinstated. The OLR argues the referee erroneously concluded Attorney Schlieve met her burden to show, by clear, satisfactory, and convincing evidence, that her medical incapacity has been removed and that she is fit to resume the practice of law.

¶ 2. Because we conclude Attorney Schlieve has not met her burden under SCR 22.36(6) to show by clear, satisfactory, and convincing evidence that she is currently fit to resume the practice of law, we deny the reinstatement petition.[1] As discussed in paragraphs 26 through 32, infra, Attorney Schlieve shall pay costs, absent an evidentiary showing of hardship.

¶ 3. Attorney Schlieve received her Wisconsin law license in 1990. On September 12, 1997, this court imposed conditions on her license directed toward her rehabilitation from alcoholism. *See In re Medical Incapacity Proceedings Against Schlieve,* Case No. 96–3390–D, 212 Wis. 2d 693, 569 N.W.2d 593 (Table) (1997). In 1998 this court suspended her license due to her medical incapacity of alcoholism. The suspension was imposed for an indefinite time. *See In re Medical Incapacity Proceedings Against Schlieve,* 221 Wis. 2d 610, 585 N.W.2d 585 (1998).

¶ 4. In October 2005 Attorney Schlieve suffered a relapse and received treatment for alcoholism. In April 2006 Attorney Schlieve filed her petition seeking li-

---

[1] SCR 22.36(6) reads: "The petitioner has the burden of showing by clear, satisfactory and convincing evidence that the medical incapacity has been removed and that the petitioner is fit to resume the practice of law, with or without conditions."

cense reinstatement. A number of events delayed the hearing on her petition, including a delay occasioned by Attorney Schlieve's trip to China to teach English. The referee who had been initially appointed resigned from the case due to his retirement from the practice of law. Referee Russell Hanson was then appointed.

¶ 5. On September 11, 2007, the OLR moved to compel Attorney Schlieve to sign a medical release and respond to certain questions. Referee Hanson ordered Attorney Schlieve to provide certain information and scheduled the reinstatement hearing for January 22, 2008.

¶ 6. Following the hearing, the referee recommended reinstatement with conditions. In his report of May 28, 2008, the referee found: "It is troublesome that [Attorney Schlieve] continues to deny the severity of her alcoholism, but it is my understanding that that tends to be part of the alcohol syndrome." He also found that Attorney Schlieve "obviously needs extensive retraining and legal education, which should be ordered."

¶ 7. The OLR appealed. On December 11, 2008, this court ordered the referee to supplement his report to explain whether the requisites set forth in SCR 22.36(6) had been met, and to identify upon the existing record the specific facts supporting his legal conclusions. In addition, the court ordered the referee to specify the conditions he would recommend be imposed upon the reinstatement of Attorney Schlieve's license.

¶ 8. On January 12, 2009, the referee filed his supplemental report and recommendation. He stated it was clear Attorney Schlieve had suffered from a prolonged period of alcohol dependence, but it was also clear that more than two years had passed since her "last public abuse" of alcohol. He noted Attorney Schlieve had assumed responsible positions in her

church and community and as an interpreter. The referee found Attorney Schlieve was, and still is, being treated for her chemical dependency and therefore her symptoms no longer exist. He concluded Attorney Schlieve met her burden pursuant to SCR 22.36(6) to show by clear, satisfactory, and convincing evidence that her medical incapacity has been removed.

¶ 9. Referee Hanson was concerned, nonetheless, that Attorney Schlieve had not practiced law for over nine years. He recommended as a condition of reinstatement that she be required to pass the state bar examination to determine her level of legal expertise and to be certain she would be able to adequately and properly serve the public. He stated that if Attorney Schlieve would fail the exam, remedial coursework would be appropriate. Also, the referee found the public would be served by requiring Attorney Schlieve to be mentored by competent attorneys for two years following her reinstatement.

¶ 10. The parties filed supplemental briefs. The OLR objects to reinstatement and argues: (1) the referee erred in finding Attorney Schlieve has met her burden of showing by clear, satisfactory, and convincing evidence that her medical incapacity has been removed; (2) the referee's findings and conclusions fail to address Attorney Schlieve's noncompliance with the suspension order and her lack of honesty during the reinstatement process; and (3) the record shows Attorney Schlieve has not maintained competence in the practice of law.

¶ 11. The OLR contends the referee's supplemental findings do not resolve the referee's original concern that it was "troublesome [Attorney Schlieve] continues to deny the severity of her alcoholism." The OLR claims the referee's use of the phrase, "her last public abuse of alcohol," is problematic. The OLR asserts that Attorney

Schlieve has not been forthright about the extent of her drinking, thereby failing to demonstrate sobriety. The OLR contends the referee's supplemental findings do not address Attorney Schlieve's failure to acknowledge her drinking and diagnosis, or her significant risk of relapse.

¶ 12. In addition, the OLR argues, the evidence indicates Attorney Schlieve is a secretive drinker and, even during her 2005 relapse, her closest friends were unaware that her drinking was out of control. The OLR states Attorney Schlieve's medical reports regarding her drinking are unreliable, because they are based solely on information she provided. The OLR claims Attorney Schlieve minimizes the severity of her alcohol dependency and has failed to show that her medical incapacity has been removed.

¶ 13. The OLR also contends Attorney Schlieve has not been candid during the reinstatement process and has failed to show she has maintained competence in the practice of law. The OLR argues Attorney Schlieve failed to comply with the court's suspension order when she wrote a letter on behalf of a friend, in which she identified herself as an attorney. The OLR claims the letter writing constitutes the practice of law during her suspension from practice.

¶ 14. The OLR asserts this court should not presume rehabilitation upon the expiration of a specified term of suspension, even where there is no evidence of intervening or subsequent misconduct. *See In re Disciplinary Proceedings Against Hyndman*, 2002 WI 6, ¶ 4, 249 Wis. 2d 650, 638 N.W.2d 293. The OLR argues that the referee's findings fail to establish the medical incapacity has been removed but, rather, suggest a risk to the public remains.

¶ 15. Attorney Schlieve responds the record establishes her medical incapacity has been removed and she is fit to resume the practice of law. At the reinstatement hearing, Attorney Schlieve testified that after her law school graduation, she worked for a short time as a public defender and then entered private practice as a sole practitioner. At the hearing, Attorney Schlieve did not dispute that she had not kept current with developments in the law since her license suspension. Attorney Schlieve testified she had not planned to return to the practice of law after her license suspension. After the hearing, Attorney Schlieve submitted to this court a list of recent continuing legal education courses she has completed. The statement indicates that between August 2008 and April 2009, Attorney Schlieve attended numerous legal education programs on a variety of topics.

¶ 16. Attorney Schlieve contends that according to supreme court rules, she does not need retraining before returning to practice because she has completed the requisite continuing legal education credits. She states that if reinstated, she will turn to other attorneys for assistance and says there is no need for a mentor.

¶ 17. Attorney Schlieve relies on the testimony of Reserve Circuit Court Judge Thomas H. Barland, who appeared on her behalf at the reinstatement proceedings. Judge Barland testified he has been favorably impressed with Attorney Schlieve's activities during the previous three years, which include her trip to China to teach English. Because of the many changes in the law since her license was suspended, however, Judge Barland believed Attorney Schlieve should have available a mentor, someone to whom she could turn to with questions; he stated he would be willing to serve on occasion in this capacity.

¶ 18. Attorney Schlieve also relies on the testimony of two attorneys who testified to the effect that Attorney Schlieve knows she is unable to drink alcohol, that she attends AA meetings once a week, and that they are willing to assist and monitor her practice of law. Attorney Schlieve further relies on the testimony of two friends, a nurse and an attorney, who support her petition, as well as the testimony of Attorney Schlieve's mother. Attorney Schlieve's mother (with whom she lives) testified that Attorney Schlieve had not used alcohol in the 27 months since being treated in 2005. Her mother further stated Attorney Schlieve suffers occasionally from anxiety, which is successfully treated with medication.

¶ 19. Attorney Schlieve claims her medical records support her contention she is not chemically dependent. She submits an October 14, 1997, report containing an initial diagnostic impression of "Alcohol abuse in Early Partial Remission; Over-the-counter Sleeping Pill Abuse; Over-the–Counter Diet Pill Abuse." Additionally, Attorney Schlieve relies on a March 2007 report of a clinical substance abuse counselor, which states Attorney Schlieve's alcohol abuse was "in full remission." The report concluded there is no indication any treatment is needed and "her recovery is well underway and backed by continuing support in Alcoholics Anonymous."

¶ 20. Attorney Schlieve contends she has not taken a drink since October 2005. She denies she is a secretive drinker and contends there is no evidence to support this contention. She says she has admitted to being alcohol dependent in the past, but her medical reports indicate she is not now chemically dependent. She acknowledges she must continue to be vigilant against using alcohol. She asserts that she did not deny

she is an alcoholic but, rather, denied she has any medical incapacity at this time.

¶ 21. A referee's findings of fact will not be overturned unless clearly erroneous. *In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. We independently review the referee's legal conclusions. *Id.* When there is conflicting testimony, the referee, as finder of fact, is the ultimate arbiter of the weight and credibility of the evidence. *In re Disciplinary Proceedings Against Pump,* 120 Wis. 2d 422, 426, 355 N.W.2d 248 (1984). Where more than one reasonable inference can be drawn from credible evidence, the reviewing court must accept the inference drawn by the trier of fact. *Cogswell v. Robertshaw Controls Co.,* 87 Wis. 2d 243, 250, 274 N.W.2d 647 (1979).

¶ 22. Supreme court rule 22.36(6) governs reinstatement following suspension due to medical incapacity. It provides that the petitioner has the burden of showing by clear, satisfactory, and convincing evidence that (1) the medical incapacity has been removed and (2) the petitioner is fit to resume the practice of law, with or without conditions. *Id.* Both requirements are necessary for reinstatement following a suspension for medical incapacity.

¶ 23. We conclude the referee's findings do not support a determination that Attorney Schlieve has met her burden under SCR 22.36(6) to establish by clear, convincing, and satisfactory evidence she is fit to resume the practice of law. Whether the petitioner has demonstrated fitness to resume the practice of law presents a legal question we review de novo. *See Nottelson v. Wis. Dep't of Indus., Labor, and Human Relations,* 94 Wis. 2d

106, 116, 287 N.W.2d 763 (1980) (The question whether the facts, as found, fulfill a legal standard presents a question of law.). We conclude the failure to establish the fitness component of SCR 22.36(6) is dispositive here; therefore, it is unnecessary to resolve the parties' arguments with respect to the referee's remaining findings and conclusions.

■

¶ 24. The term "fit," as used in 22.36(6) with the phrase "to practice law," encompasses more than the removal of a medical incapacity or being in a physically, mentally, or morally sound state. The term "fit" is sufficiently broad to imply a state of preparedness to render competent legal services; that is, to be prepared to provide the measure of expertise to ensure the attorney may be safely recommended to the community as a person to be consulted by and to represent others in legal matters.[2]

¶ 25. Referee Hanson expressed his concern that Attorney Schlieve has been away from the practice of law for over nine years and needs "extensive retraining and legal education." He stated that testing is needed to

---

[2] For example, in *State ex rel. Fiedler v. Wis. Senate,* 155 Wis. 2d 94, 454 N.W.2d 770 (1990), in discussing the level of professional competence necessary to perform legal tasks, the court states: "The rule does not purport to prohibit circuit courts from appointing attorneys other than those certified by the state public defender who the court may see fit to serve as the legal representative of an indigent criminal defendant." *Id.* at 104. *See also Matter of Admission of Blue Dog,* 126 Wis. 2d 136, 140–42, 375 N.W.2d 660, 663 (1985) (the evaluation of an applicant's qualification and fitness to practice law includes an evaluation of professional competence). *See also Black's Law Dictionary* 637 (6th ed. 1990) ("Fit. Suitable or appropriate. . . . Adapted to, designed, prepared.")

determine the level of Attorney Schlieve's legal expertise; he recommended she be required to pass the state bar examination and that she be mentored. We conclude the referee's findings fail to identify clear, satisfactory, and convincing evidence that Attorney Schlieve is sufficiently prepared to resume a law practice and be safely recommended to be consulted by and to represent individuals in legal matters. Notwithstanding the updated continuing legal education information recently submitted, we are unpersuaded that Attorney Schlieve has met her burden under SCR 22.36(6) to establish she is currently fit to resume the practice of law. Consequently, we deny Attorney Schlieve's petition for reinstatement.

¶ 26. On June 22, 2009, Attorney Schlieve filed a motion and affidavit objecting to costs.[3] Attorney Schlieve argues that attorney fees are not properly chargeable. She objects to the attorney fee statement as lacking specificity. Attorney Schlieve argues the referee's excessive fees were caused by the OLR expanding the issues in the case, and the OLR has failed to show that the referee's fees are reasonable.

¶ 27. In addition, Attorney Schlieve claims, it would be unfair to assess costs against her for the remand to Referee Hanson for his failure to meet statutory requirements in his report. Attorney Schlieve also objects to charges for the referee's room, meals, and mileage. She says Referee Hanson had less than 130 miles to travel and should not have been provided

---

[3] The OLR seeks the imposition of costs, which as of July 2008 amounted to $10,127.33. On May 26, 2009, the OLR supplemented its statement of costs, seeking an additional $3,472 in appellate counsel fees and disbursements and $719.66 incurred as a result of the referee's supplemental work, for a total of $14,318.99.

lodging. Additionally, she complains the original referee resigned from the case which, she claims, required much of the work to be duplicated. Attorney Schlieve contends that transcript costs should not be allowed because the transcripts were merely a convenience to the OLR to complete its post-hearing brief and were unnecessary for the appeal. Attorney Schlieve says the billings are excessive and, as a single mother who stays at home to care for her disabled child, her income is limited. She contends the costs constitute more than two years of annual income, which would impose an undue burden on her.

¶ 28. The OLR responds that under SCR 22.001(3),[4] costs include compensation and necessary expenses for referees, as well as fees and expenses for counsel's representation. The OLR says its billings are reasonable and ethical, the scope of a reinstatement proceeding is broad, and a record must be created to show a basis to determine whether an attorney is fit for practicing law. The OLR asserts that while Attorney Schlieve objects to costs as lacking specificity, she has never requested an itemization that the OLR offered to provide. The OLR contends that rather than forcing each member of the state bar, in effect, to pay a share of costs in this matter, it is appropriate that Attorney Schlieve bear the costs.

---

[4] SCR 22.001(3) provides:

"Costs" means the compensation and necessary expenses of referees, fees and expenses of counsel for the office of lawyer regulation, a reasonable disbursement for the service of process or other papers, amounts actually paid out for certified copies of records in any public office, postage, telephoning, adverse examinations and depositions and copies, expert witness fees, witness fees and expenses, compensation and reasonable expenses of experts and investigators employed on a contractual basis, and any other costs and fees authorized by chapter 814 of the statutes.

¶ 29. Supreme court rule 22.24 governs the assessment of costs in medical incapacity and reinstatement proceedings.[5] *See* SCR 22.24(1). Under SCR 22.24(1m), the court's general policy is to impose costs on the respondent. To award less than full costs, the court must find "extraordinary circumstances." *Id.*

¶ 30. We are not persuaded that Attorney Schlieve's arguments establish extraordinary circumstances to justify the imposition of less than full costs. The record fails to support the assertion that the OLR unnecessarily broadened the issues. The issues the OLR presented are related to the showing required under SCR 22.36(6). Also, contrary to Attorney Schlieve's assertion, a transcript of the reinstatement hearing is necessary for an appeal, particularly here, where there is no stipulation of facts and the referee's findings are challenged. Attorney Schlieve fails to show the cost of the transcript constitutes an extraordinary circumstance. Additionally, the referee's mileage, meals, and room costs appear reasonable and necessary under SCR 22.001(3). Nothing in the record indicates they are extraordinary.

[5] SCR 22.24 provides, in part: Assessment of costs.

(1) The supreme court may assess against the respondent all or a portion of the costs of a disciplinary proceeding in which misconduct is found, a medical incapacity proceeding in which it finds a medical incapacity, or a reinstatement proceeding and may enter a judgment for costs. The director may assess all or a portion of the costs of an investigation when discipline is imposed under SCR 22.09. Costs are payable to the office of lawyer regulation.

(1m) The court's general policy is that upon a finding of misconduct it is appropriate to impose all costs, including the expenses of counsel for the office of lawyer regulation, upon the respondent. In cases involving extraordinary circumstances the court may, in the exercise of its discretion, reduce the amount of costs imposed upon a respondent. . . .

██

¶ 31. Attorney Schlieve does not demonstrate an unnecessary duplication of effort by the referees or that a duplication of effort unreasonably increased the amount of costs. The record indicates that due to Attorney Schlieve's trip to China, the reinstatement matter was put on hold. It was during this delay that the first referee retired from law practice, requiring the appointment of a second referee. Attorney Schlieve cannot reasonably fault the OLR or the referee for any delay occasioned as a result of her travel decision.

¶ 32. With respect to hardship, it is premature to adjust the amount of costs based on Attorney Schlieve's claimed lack of income. We direct Attorney Schlieve to work with the OLR to reach an agreement by which the cost assessment may be paid over time. *See In re Disciplinary Proceedings Against Konnor,* 2005 WI 37, ¶ 50, 279 Wis. 2d 284, 694 N.W.2d 376 (Abrahamson, C.J., concurring) ("If a lawyer cannot pay the full costs immediately, an agreement may be reached to enable the lawyer to pay the costs over time."). If such an agreement cannot be reached, or if Attorney Schlieve is impoverished to the degree she is unable to make any payments toward the cost assessment, she may seek relief from the court. We will address a motion premised on an indigency claim only after Attorney Schlieve has attempted in good faith to reach an agreement with the OLR on a payment plan. *See In re Disciplinary Proceedings Against Inglimo,* 2007 WI 126, ¶ 96, 305 Wis. 2d 71, 740 N.W.2d 125. For these reasons, we conclude that Attorney Schlieve has failed to show extraordinary circumstances justifying a departure from the court's general policy to impose full costs. *See* SCR 22.24(1m). We extend the time to pay costs to 180 days to provide

Attorney Schlieve additional time to attempt to work out an agreement with the OLR.

¶ 33. IT IS ORDERED that the petition of Nancy A. Schlieve seeking reinstatement of her license to practice law in Wisconsin is denied.

¶ 34. IT IS FURTHER ORDERED that within 180 days of the date of this order, Nancy A. Schlieve pay to the Office of Lawyer Regulation the costs of this proceeding totaling $14,318.99, or reach an agreement with the Office of Lawyer Regulation regarding the payment of costs. If such an agreement cannot be reached, or if Attorney Schlieve is impoverished to the degree she is unable to make any payments toward the cost assessment, she may seek relief from the court. If the costs are not paid within the time specified and absent an evidentiary showing to this court of her inability to pay the costs within that time, the license of Nancy L. Schlieve to practice law in Wisconsin shall remain suspended until further order of the court.