IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
John A. CHAVEZ, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

John A. CHAVEZ, Respondent.

Supreme Court

*No. 2005AP2110–D.—Decided July 10, 2012.*

2012 WI 83

(Also reported in 816 N.W.2d 265.)

¶ 1. PER CURIAM.   We review a report filed by Referee Lisa C. Goldman recommending the court reinstate, with conditions, John A. Chavez's license to practice law in Wisconsin. After fully reviewing this matter, we agree that Attorney Chavez's license should be reinstated and that conditions should be placed upon his practice of law. We also determine that Attorney Chavez should be required to pay the costs of this reinstatement proceeding, which were $2,604.06 as of January 5, 2012.

¶ 2. Attorney Chavez was admitted to practice law in Wisconsin in 1990. He worked for two years as a prosecutor in Jefferson County and then joined a small firm in Whitewater for approximately eight months. In September 1992 Attorney Chavez started his own law firm in Cambridge, Wisconsin, and continued to practice law until his license was indefinitely suspended due to his medical incapacity.

¶ 3. Attorney Chavez's license to practice law was first suspended on November 17, 2004, for failure to cooperate with an OLR grievance investigation. On October 7, 2005, Attorney Chavez and the OLR entered into a stipulation recommending that his license remain suspended indefinitely based on medical incapacity due to alcohol addiction. This court suspended Attorney Chavez's license indefinitely on December 14, 2005. *In re Medical Incapacity Proceedings Against Chavez,* 2005 WI 167, 286 Wis. 2d 556, 706 N.W.2d 822.

¶ 4. On December 23, 2010, Attorney Chavez petitioned the supreme court to reinstate his law license.[1] Supreme court rule 22.36[2] governs reinstatement following suspension due to medical incapacity. It provides

---

[1] Attorney Chavez first petitioned this court to reinstate his law license on October 13, 2008. The court granted Attorney Chavez's motion to voluntarily withdraw his petition for reinstatement on December 21, 2009.

[2] SCR 22.36 provides: Reinstatement; removal of conditions.

(1) An attorney whose license to practice law is suspended or whose practice of law is subject to conditions for medical incapacity may petition the supreme court at any time for reinstatement of the license or the removal of conditions.

(2) The supreme court shall refer the petition to the director for investigation to determine whether the attorney's medical incapacity has been removed.

that the petitioner has the burden of showing by clear, satisfactory, and convincing evidence that (1) the medical incapacity has been removed, and (2) the petitioner is fit to resume the practice of law, with or without conditions. SCR 22.36(6). Both requirements are necessary for reinstatement. *In re Medical Incapacity Proceedings Against Schlieve,* 2010 WI 22, ¶ 22, 323 Wis. 2d 654, 780 N.W.2d 516.

(3) The filing of a petition for reinstatement constitutes a waiver of any privilege existing between the petitioner and any psychiatrist, psychologist, physician or other health care provider that has provided care to the attorney. The petitioner shall disclose the name of every psychiatrist, psychologist, physician and other health care provider that has provided care following suspension or the imposition of conditions and shall furnish the director written consent to the release of information and records requested by the medical experts appointed by the director or a referee.

(4) The director may direct a medical or psychological examination of the petitioner by such qualified experts as the director designates and may direct that the expense of the examination be paid by the petitioner.

(5) Following the investigation, the petition shall be submitted to a referee selected by the clerk of the supreme court, based on geographic proximity to the respondent's place of residence, and appointed by the chief justice or, in his or her absence, the senior justice.

(6) The petitioner has the burden of showing by clear, satisfactory and convincing evidence that the medical incapacity has been removed and that the petitioner is fit to resume the practice of law, with or without conditions.

(7) The referee shall hold a hearing on the petition, if necessary, and file a report and recommendation in the supreme court.

(8) If an attorney whose license to practice law has been suspended for medical incapacity pursuant to SCR 22.35 is thereafter judicially declared to be no longer in the condition previously determined under Wis. Stat. chapter 51 or chapter 880 (1997–98), the supreme court may direct reinstatement of the attorney's license, with or without conditions.

¶ 5.  Referee Lisa Goldman was appointed on May 24, 2011, and conducted an evidentiary reinstatement hearing on November 3, 2011. The evidence presented included medical records, an independent medical examination, and testimony from Attorney Chavez and from his friends, family, and community members. The referee made factual findings documenting Attorney Chavez's struggles with alcohol addiction prior to and after the medical incapacity proceeding.

¶ 6.  The record evidence indicates, and the referee found, that Attorney Chavez has not consumed alcohol since February 9, 2010. The referee found that Attorney Chavez has responsibly controlled his alcohol addiction for the past year and nine months as of the date of her report. Medical records support this finding.

¶ 7.  The record indicates that Attorney Chavez entered into a monitoring contract with WisLAP, completing his assessment on May 4, 2011.[3] The WisLAP contract requires Attorney Chavez to (a) undergo a complete professional evaluation (which has been completed); (b) comply with all treatment recommendations; (c) abstain from all alcohol and other mood-altering substances; (d) abstain from taking over-the-counter medications that contain alcohol or mood-altering substances; (e) register with Affinity Online Solutions and submit to random alcohol/drug/prescription medication screens as requested; (f) meet with his WisLAP monitor a minimum of once each month; (g) make verbal contact weekly with his monitor when not meeting in person; (h) attend community-based support groups a minimum of two times weekly and obtain certification of attendance; and (i) comply with

_____

[3] The record indicates that Attorney Chavez has delayed commencing monitoring due to the costs associated with aspects of the monitoring agreement.

other notification requirements. The OLR does not oppose Attorney Chavez's reinstatement, but asserts reinstatement should be conditioned upon the court requiring Attorney Chavez to participate in the Wis-LAP contract and attend AA meetings two to three times per week.

¶ 8. The referee also made findings related to whether Attorney Chavez is fit to practice law. *See* SCRs 22.34—22.36.

¶ 9. The referee found no evidence that Attorney Chavez practiced law during his suspension. The referee found that Attorney Chavez has complied with this court's prior disciplinary order and has complied with the requirements of SCR 22.26 regarding the activities of a person whose license is suspended.

¶ 10. The referee found that Attorney Chavez has attended continuing legal education (CLE) seminars and is currently in compliance with the CLE and ethics and professional responsibility (EPR) requirements for reinstatement. Mindful however that Attorney Chavez has not practiced law for seven years, the referee recommended Attorney Chavez obtain a mentor attorney for two years to assist him with his reintegration into the practice of law, and also recommended that Attorney Chavez obtain certain CLE training should he decide to open a new law office. The referee concluded that "[t]hese parameters should ensure that [Attorney] Chavez transition smoothly into the practice of law."

¶ 11. The referee noted that lawyers who have known Attorney Chavez for years wrote letters asserting that Attorney Chavez was a fine attorney while he practiced law and expressed confidence that Attorney Chavez would continue to be a fine attorney so long as he remained sober. Attorney Chavez was described as capable, competent, and hard working. The referee

explicitly found that "[a]ll of the evidence in this case reveals that [Attorney] Chavez was, prior to his medical incapacity, a very good attorney."

¶ 12.   The referee considered the fact that Attorney Chavez owes child support arrears and that he received three criminal convictions relating to child support after the date of his indefinite suspension. Attorney Chavez testified that approximately one-half of his paychecks are being applied to these arrears, and he provided documentary support for that assertion. As the referee noted, resuming the practice of law should better enable Attorney Chavez to meet his financial obligations.

¶ 13.   After considering all of the evidence, the referee concluded that Attorney Chavez met his burden pursuant to SCR 22.36(6) to show by clear, satisfactory, and convincing evidence that his medical incapacity has been removed and that he is fit to practice law. The referee recommended the court reinstate Attorney Chavez's license subject to conditions as set forth below.

■■

¶ 14.   No appeal has been filed so the court considers this matter pursuant to SCR 22.33(3).[4] A referee's findings of fact will not be overturned unless clearly erroneous. *In re Disciplinary Proceedings Against Eisenberg*, 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. We independently review the referee's legal conclusions, noting that whether the petitioner has demonstrated fitness to resume the practice of law presents a legal question we review de novo. *See Nottelson v. Wis.*

___

[4] SCR 22.33(3) states:   "If no appeal is timely filed, the supreme court shall review the referee's report, order reinstatement, with or without conditions, deny reinstatement, or order the parties to file briefs in the matter."

*Dep't of Indus., Labor, and Human Relations,* 94 Wis. 2d 106, 116, 287 N.W.2d 763 (1980).

■

¶ 15. We conclude the referee's findings support a determination that Attorney Chavez has met his burden under SCR 22.36(6) to establish by clear, convincing, and satisfactory evidence that his medical incapacity is removed and he is fit to resume the practice of law. We agree that some conditions on Attorney Chavez's license to practice law are necessary to ensure that Attorney Chavez continues to receive appropriate treatment. The conditions imposed are based on the OLR's suggestions as well as those recommended by the referee.

■

¶ 16. Finally, we order Attorney Chavez to pay the costs of this proceeding. We are aware that Attorney Chavez has significant financial obligations, and we direct Attorney Chavez to work with the OLR to reach an agreement by which the cost assessment may be paid over time. *See In re Disciplinary Proceedings Against Konnor,* 2005 WI 37, ¶ 50, 279 Wis. 2d 284, 694 N.W.2d 376 (Abrahamson, C.J., concurring) ("If a lawyer cannot pay the full costs immediately, an agreement may be reached to enable the lawyer to pay the costs over time.").

¶ 17. IT IS ORDERED that the petition for reinstatement of the license of John A. Chavez to practice law in Wisconsin is granted, effective July 24, 2012.

¶ 18. IT IS FURTHER ORDERED that, as a condition of the reinstatement of his license to practice law in Wisconsin, John A. Chavez shall, within 14 days after the date of this order and prior to resuming the practice of law, activate a monitoring contract with

WisLAP and shall comply, to the best of his ability, with all conditions imposed therein which may include but may not be limited to:[5]

A. Complying with all treatment recommendations;

B. Abstaining from all alcohol and other mood-altering substances;

C. Abstaining from taking over-the-counter medications that contain alcohol or mood-altering substances;

D. Registering with Affinity Online Solutions and submitting to random alcohol/drug/prescription medication screens as requested;

E. Meeting with his WisLAP monitor a minimum of once per month and making verbal contact with his WisLAP monitor once per week;

F. Attending community-based support groups, such as Alcoholics Anonymous meetings, a minimum of two times weekly and obtaining certification of attendance, and complying with other notification requirements until further order of the court;

G. Submitting, at his own expense and until further order of this court, to random alcohol and substance abuse screening as directed and monitored by the Office of Lawyer Regulation to confirm his sobriety and that he is not using illegal substances.

---

[5] It is the court's understanding that Attorney Chavez has already submitted to an alcohol and other drug abuse (AODA) evaluation by a professional AODA counselor or treatment provider approved by the Office of Lawyer Regulation, which assessed Attorney Chavez's substance abuse history and current status and made specific recommendations for Attorney Chavez's continuing treatment or maintenance. Any such written AODA evaluation received by the Office of Lawyer Regulation shall be maintained by the OLR as confidential.

These conditions shall remain in effect until further order of the court.

¶ 19.   IT IS FURTHER ORDERED that within 30 days after the date of this order, John A. Chavez shall, if he has not already done so, sign reciprocal releases of confidentiality (complying with the federal Health Insurance Portability and Accountability Act and all other applicable federal and state laws) for each treatment provider who is providing or has provided alcohol-related or substance abuse-related treatment or services to John A. Chavez so that such treatment providers may share pertinent information related to John A. Chavez's substance abuse history and related issues. In addition to authorizing other treatment providers to obtain access to such treatment information, the releases signed by John A. Chavez shall also authorize disclosure of all records concerning alcohol-related or substance abuse-related treatment or services to the Office of Lawyer Regulation. The Office of Lawyer Regulation shall maintain as confidential all information or documents received pursuant to these releases. The releases required by this paragraph shall remain in effect for two years from the date of this order.

¶ 20.   IT IS FURTHER ORDERED that, during the first two-year period after his reinstatement, John A. Chavez shall be subject to the direct supervisory authority of a mentor attorney approved by the Office of Lawyer Regulation pursuant to the requirements of SCR 20:5.1(b).

¶ 21.   IT IS FURTHER ORDERED if, within the first two-year period after his reinstatement, John A. Chavez decides to resume practice as a solo practitioner, John A. Chavez shall attend a minimum of seven (7) hours of continuing legal education concerning the subjects of fee agreements, client trust account man-

agement, and law office management, and shall provide certificates of attendance for such seminars to the Office of Lawyer Regulation prior to resuming practice as a solo practitioner.

¶ 22. IT IS FURTHER ORDERED that within 120 days of the date of this order, John A. Chavez shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and John A. Chavez has not negotiated a resolution as to the payment of the costs over time with the Office of Lawyer Regulation, the Office of Lawyer Regulation is authorized to move this court for a further suspension of the license of John A. Chavez to practice law in Wisconsin.