In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Kristi Joi DOWNING, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant-Respondent,

v.

Kristi Joi DOWNING, Respondent-Petitioner.

Supreme Court

*No. 2013AP2235–D.—Decided September 30, 2015.*

2015 WI 93

(Also reported in 869 N.W.2d 786.)

1

¶ 1. PER CURIAM.  We review a report filed by Referee James C. Boll, recommending that the court reinstate Kristy Joi Downing's license to practice law

in Wisconsin to regular inactive status following a transfer to inactive status due to a medical incapacity. Upon careful review of the matter, we agree with the referee that Attorney Downing's license should be so reinstated. We also conclude that Attorney Downing should be required to pay the full costs of this proceeding, which are $1,429.78 as of July 20, 2015.

¶ 2.  Attorney Downing was admitted to practice law in Michigan in 2004. She was admitted to practice law in Wisconsin in 2006.

¶ 3.  On May 16, 2013, the State of Michigan Attorney Discipline Board ordered that Attorney Downing's Michigan law license be transferred to inactive status for an indefinite period of time due to a finding of incompetency entered by a Michigan judge. Attorney Downing failed to notify the Office of Lawyer Regulation (OLR) of the Michigan order within 20 days of the effective date.

¶ 4.  On October 8, 2013, the OLR filed a complaint and motion seeking reciprocal discipline identical to that imposed by Michigan. On January 13, 2014, the OLR's motion to transfer Attorney Downing's Wisconsin law license to inactive status due to a medical incapacity under the reciprocal disciplinary provisions of Supreme Court Rule (SCR) 22.22 was granted. Attorney Downing's Wisconsin law license was transferred to inactive status due to a medical incapacity under the reciprocal disciplinary provision of Wisconsin Supreme Court rules in part based upon a March 28, 2013 medical report of Dr. Candyce Shields. Dr. Shields evaluated Attorney Downing on February 28, 2013, pursuant to a court order to evaluate her competency to stand trial. Dr. Shields' report concluded that Attorney Downing's current medical

condition met the statutory criteria for a finding of incompetence as it related to her ability to proceed in the adjudicative process.

¶ 5. Attorney Downing began receiving treatment from Dr. Mauricio Cortina. Dr. Cortina issued a series of reports saying that Attorney Downing's mental status was stable and improving. On January 21, 2015, Dr. Cortina stated that he did not believe continued therapy or counseling was necessary for Attorney Downing to practice law.

■

¶ 6. Attorney Downing filed a petition for reinstatement to regular inactive status with the Wisconsin State Bar on June 27, 2014. The OLR asked that Attorney Downing's medical condition be independently evaluated. Attorney Downing was examined at the OLR's request by Dr. Norman Dwaihy. In a report dated December 29, 2014, Dr. Dwaihy stated, "it is my opinion that Ms. Downing is fully capacitated to practice law and recommend that she be fully reinstated to practice law in whatever jurisdiction she so chooses, in particular, the State of Wisconsin."

¶ 7. The Michigan Attorney Discipline Board reinstated Attorney Downing to active status on January 17, 2014.

¶ 8. On February 26, 2015, the OLR filed a response to Attorney Downing's reinstatement petition, saying that the OLR's investigation revealed no information to refute the fact that Attorney Downing's medical incapacity had been removed and that she was fit to resume the practice of law.

¶ 9. The referee issued his report on July 3, 2015. The referee concluded that Attorney Downing has satisfied her burden and the requirements for rein-

4

statement, and the referee recommends that Attorney Downing's Wisconsin law license be reinstated to inactive status without any conditions.

¶ 10.  No appeal has been filed, so this court considers this matter pursuant to SCR 22.33(3). A referee's findings of fact will not be overturned unless they are clearly erroneous. *In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. We independently review the referee's legal conclusion, noting that whether the petitioner has demonstrated fitness to resume the practice of law presents a legal question which we review de novo. *In re Disciplinary Proceedings Against Chavez,* 2012 WI 83, ¶ 14, 342 Wis. 2d 419, 816 N.W.2d 265.

¶ 11.  Following a suspension for medical incapacity, an attorney seeking the reinstatement of his or her license to practice law must show both that the medical incapacity has been removed and that the petitioner is fit to resume the practice of law. *See In re Medical Incapacity Proceedings Against Schlieve,* 2010 WI 22, 323 Wis. 2d 654, 780 N.W.2d 516. We conclude that the referee's findings support a determination that Attorney Downing has met her burden under SCR 22.36(6) to establish by clear, convincing, and satisfactory evidence that her medical incapacity is removed and that she is fit to resume the practice of law. We further agree with the referee that it is appropriate to require Attorney Downing to pay the full costs of this proceeding, $1,429.78.

¶ 12. IT IS ORDERED that the petition for reinstatement of the license of Kristy Joi Downing to regular inactive status in Wisconsin is granted, effective the date of this order.

¶ 13. IT IS FURTHER ORDERED that within 60 days of the date of this order, Kristy Joi Downing shall pay to the Office of Lawyer Regulation the costs of this proceeding.