# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2007AP776-D |
| COMPLETE TITLE: | In the Matter of Medical Incapacity Proceedings Against Godfrey Y. Muwonge, Attorney at Law: |

Office of Lawyer Regulation,
       Complainant-Respondent,
   v.
Godfrey Y. Muwonge,
       Respondent-Appellant.

MEDICAL INCAPACITY PROCEEDINGS AGAINST MUWONGE

| | |
|---|---|
| OPINION FILED: | July 1, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | ABRAHAMSON, J. concurs (Opinion filed). |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2007AP776-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Medical Incapacity Proceedings Against Godfrey Y. Muwonge, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant-Respondent,**

        **v.**

**Godfrey Y. Muwonge,**

        **Respondent-Appellant.**

**FILED**

**JUL 1, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license reinstated, with conditions.*

¶1 PER CURIAM. We review a report filed by Referee Dennis J. Flynn, recommending that the court reinstate, with conditions, Attorney Godfrey Y. Muwonge's license to practice law in Wisconsin. After careful consideration we adopt the referee's recommendation. We agree that Attorney Muwonge met his burden under Supreme Court Rule (SCR) 22.36(6) to show by

clear, satisfactory, and convincing evidence that he is currently fit to resume the practice of law, with conditions. Accordingly, we grant his reinstatement petition. We impose the full costs of this proceeding, which are $8,118.32 as of April 27, 2016. We also impose certain conditions on Attorney Muwonge's license to practice law, as set forth herein.

¶2 Attorney Muwonge was admitted to practice law in Wisconsin in 1997. He practiced immigration law in the Milwaukee area. In April 2007, the OLR filed a disciplinary complaint against Muwonge, alleging 43 counts of misconduct and seeking the revocation of Muwonge's law license. Ultimately, it became apparent that Attorney Muwonge suffered from a medical incapacity and his license was indefinitely suspended.

¶3 Attorney Muwonge's early life experiences are highly relevant to his chosen area of legal practice and also provide context for his medical incapacity. As a young man in Uganda, Muwonge was arrested, interrogated, and tortured due to his perceived involvement in a resistance group. He sought and eventually received asylum in the United States. Shortly after arriving in Wisconsin, he matriculated at Marquette University, earning an undergraduate degree in journalism in 1994 and a law degree in 1997. Given his own experiences, he chose to practice immigration law. He married and has children. Personally, however, he struggled with post traumatic stress disorder

2

(PTSD), alcoholism, and chemical addictions which adversely affected his ability to practice law, leading to the 2007 OLR complaint.

¶4 When the disciplinary complaint was filed, Muwonge initially opted to file a petition for voluntary revocation of his law license and a referee recommended we accept that petition and revoke Muwonge's law license. Muwonge then appealed, asking this court to consider his medical issues. Following additional proceedings, on April 9, 2008, this court temporarily suspended Muwonge's license pursuant to SCR 22.21.[1]

¶5 On September 29, 2008, the OLR and Muwonge stipulated that Muwonge had a medical incapacity that precluded him from defending against the disciplinary charges. On October 22, 2008, a referee concurred, concluding that Muwonge had a medical incapacity due to PTSD, alcoholism, chemical addictions, social phobia, suicide ideation, and migraine headaches, making his defense of the disciplinary proceeding impossible. The referee recommended we abate the pending disciplinary proceedings and suspend Muwonge's license. On December 23, 2008, the court

---

[1] SCR 22.21 provides: "(1) The supreme court, on its own motion, upon the motion of the director, or upon the motion of a special investigator acting under SCR 22.25, may suspend temporarily an attorney's license to practice law where it appears that the attorney's continued practice of law poses a threat to the interests of the public and the administration of justice."

issued an order adopting the referee's findings and conclusions. We suspended Muwonge's license to practice law indefinitely pursuant to SCR 22.16(4)[2] and SCR 22.36.[3]

---

[2] SCR 22.16(4) provides:

(4)(a) If in the course of the proceeding the respondent claims to have a medical incapacity that makes the defense of the proceedings impossible, the referee shall conduct a hearing and make findings concerning whether a medical incapacity makes defense of the proceeding impossible. The referee may order the examination of the respondent by qualified medical or psychological experts.

(b) All papers, files, transcripts, communications, and proceedings on the issue of medical incapacity shall be confidential and shall remain confidential until the supreme court has issued an order suspending the attorney's license to practice law, or has otherwise authorized disclosure.

(c) If the referee finds no medical incapacity that would make the defense of the proceeding impossible, the referee shall proceed with the misconduct action.

(d) If the referee finds that a medical incapacity makes the defense of the proceeding impossible, the referee shall file a report promptly with the supreme court. If the court disapproves the referee's finding, the court shall direct the referee to proceed with the misconduct action. If the court approves the referee's finding, the court shall abate the misconduct proceeding and suspend the respondent's license to practice law for medical incapacity until the court orders reinstatement of the attorney's license under SCR 22.36. Upon reinstatement, the court shall direct the referee to proceed with the misconduct action.

[3] SCR 22.36 provides:

(1) An attorney whose license to practice law is suspended or whose practice of law is subject to

(continued)

4

conditions for medical incapacity may petition the supreme court at any time for reinstatement of the license or the removal of conditions.

(2) The supreme court shall refer the petition to the director for investigation to determine whether the attorney's medical incapacity has been removed.

(3) The filing of a petition for reinstatement constitutes a waiver of any privilege existing between the petitioner and any psychiatrist, psychologist, physician or other health care provider that has provided care to the attorney. The petitioner shall disclose the name of every psychiatrist, psychologist, physician and other health care provider that has provided care following suspension or the imposition of conditions and shall furnish the director written consent to the release of information and records requested by the medical experts appointed by the director or a referee.

(4) The director may direct a medical or psychological examination of the petitioner by such qualified experts as the director designates and may direct that the expense of the examination be paid by the petitioner.

(5) Following the investigation, the petition shall be submitted to a referee selected by the clerk of the supreme court, based on geographic proximity to the respondent's place of residence, and appointed by the chief justice or, in his or her absence, the senior justice.

(6) The petitioner has the burden of showing by clear, satisfactory and convincing evidence that the medical incapacity has been removed and that the petitioner is fit to resume the practice of law, with or without conditions.

(7) The referee shall hold a hearing on the petition, if necessary, and file a report and recommendation in the supreme court.

(8) If an attorney whose license to practice law has been suspended for medical incapacity pursuant to SCR

(continued)

5

¶6 In the following years, Muwonge sought and obtained treatment for his mental health and substance abuse issues.

¶7 On June 29, 2015, Muwonge filed this petition for reinstatement. Referee Flynn was appointed and conducted an evidentiary hearing in March 2016. Referee Flynn issued his report and recommendation on April 11, 2016.

¶8 Reinstatement from a determination of medical incapacity is governed by SCR 22.36. Under SCR 22.36(6) Muwonge has the burden to prove by clear, satisfactory and convincing evidence that the medical incapacity has been removed and that he is fit to resume the practice of law, with or without conditions.

¶9 The referee first considered whether Attorney Muwonge has met his burden of proving that his medical incapacity has been removed. The record includes favorable opinions from Muwonge's medical and mental health treatment providers. The referee observed that those who have been involved in Muwonge's treatment view him as "totally committed to maintaining his recovery status." His treating psychiatrist is unequivocal in stating that Muwonge is fit to return to the practice of law,

22.35 is thereafter judicially declared to be no longer in the condition previously determined under Wis. Stat. chapter 51 or chapter 880 (1997-98), the supreme court may direct reinstatement of the attorney's license, with or without conditions.

6

but recommends that he be supervised by another attorney and limit his work to 40 hours per week. Another therapist concurs, stating that Muwonge has regained control of his life and effectively manages his psychological issues through psychotherapy and medication.

¶10 In addition, Muwonge joined Alcoholics Anonymous in May 2013, attends AA meetings at least three times a week; his sponsor offered a positive reference. Linda Albert, Administrator of the State Bar of Wisconsin Lawyer Assistance Program (WisLAP) also provided a written statement and appeared at the evidentiary hearing. Ms. Albert reported that under her guidance and monitoring, Muwonge now voluntarily participates in the WisLAP monitoring program under a formal written contract. Ms. Albert testified that it is her opinion that Muwonge is in full compliance with the WisLAP program and will likely continue to be in compliance in the future. She recommended that, if Muwonge is reinstated, he should be required to remain in the WisLAP program for at least two years.

¶11 Demonstrating that the medical incapacity has been removed is not enough to warrant reinstatement. With respect to the "fitness" requirement in a medical incapacity reinstatement, we have stated:

> The term "fit," as used in 22.36(6) with the phrase "to practice law," encompasses more than the removal of a medical incapacity or being in a physically,

7

mentally, or morally sound state. The term "fit" is sufficiently broad to imply a state of preparedness to render competent legal services; that is, to be prepared to provide the measure of expertise to ensure the attorney may be safely recommended to the community as a person to be consulted by and to represent others in legal matters.

In re Medical Incapacity Proceedings Against Schlieve, 2010 WI 22, ¶24, 323 Wis. 2d 654 780 N.W.2d 516 (2010). As the referee correctly observed, Muwonge must demonstrate that he has reached a state of preparedness to render competent legal services and that he can be safely recommended to the community as a person to be consulted by and represent others.

¶12 To assess this, the referee addressed certain concerns identified by the OLR during this proceeding.

¶13 First, Muwonge intends to resume an immigration practice. This is potentially concerning because it was, in part, his immigration practice that triggered his PTSD to the point of incapacitation. More specifically, when faced with his clients' immigration problems and the prospect of their deportation, he would relive his own horrific traumas.

¶14 Second, Muwonge has been unemployed since 2008. This is potentially concerning because his ability to handle the day-to-day stress of a law practice remains an open question. Muwonge has explained that he did not obtain outside employment because he was unable to earn a sufficient salary to meet his family's needs and also provide and pay for appropriate care for

8

his son, who is severely autistic. Accordingly, he served as the primary caretaker for his children, including his autistic son, during his suspension.

¶15 Notably, however, the OLR does not oppose Attorney Muwonge's reinstatement but rather recommends the court impose certain conditions on his practice intended to address both the aforementioned concerns. Muwonge acknowledges that conditions are appropriate to address lingering concerns about his fitness to practice law.

¶16 In addition to considering specific concerns, the referee made general observations about Muwonge's reinstatement and his fitness to practice law. Muwonge has acknowledged that he should have sought treatment sooner, but the referee found that the credible evidence indicates that he accepts responsibility for wrongful conduct toward clients during the period leading up to his suspension in December 2008. Muwonge submitted numerous impressive and highly favorable character references in support of his petition. He has entered into an agreement with the OLR to repay the costs assessed against him relating to his prior disciplinary and medical incapacity proceedings, in the amount of $5,586.82. He has stated his intent to make restitution for sums paid to former clients by the Wisconsin Lawyers' Fund for Client Protection, which total $47,743.35, subject to his ability to pay. The record also

9

reflects that in January 2016, the Board of Bar Examiners filed a letter indicating that Muwonge is currently in compliance with the Supreme Court's CLE and EPR requirements for reinstatement.

¶17 The referee concluded that Muwonge has met his legal burden of establishing by credible evidence that is clear, satisfactory, and convincing that the medical incapacity noted in the Supreme Court's December 23, 2008 order, has been removed and that he is now fit to resume the practice of law in Wisconsin with conditions. The referee expressed his belief that Muwonge's reinstatement can be structured so as to provide Muwonge the opportunity to resume the practice of law, while also insuring the public is protected, by imposing certain conditions on his law practice.

¶18 No appeal has been filed, so we consider this matter pursuant to SCR 22.33(3).[4] A referee's findings of fact will not be overturned unless clearly erroneous. In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. We independently review the referee's legal conclusion, noting that whether the petitioner has demonstrated fitness to resume the practice of law presents a legal question

---

[4] SCR 22.33(3) provides: "If no appeal is timely filed, the supreme court shall review the referee's report, order reinstatement, with or without conditions, deny reinstatement, or order the parties to file briefs in the matter."

which we review de novo. In re Disciplinary Proceedings Against Chavez, 2012 WI 83, ¶ 14, 342 Wis. 2d 419, 816 N.W.2d 265.

¶19 We agree with the referee that Attorney Muwonge has met his burden under SCR 22.36(6) to establish by clear, convincing, and satisfactory evidence that his medical incapacity is removed and that he is fit to resume the practice of law. We agree that conditions on Attorney Muwonge's license to practice law are appropriate to monitor his continued fitness and to ensure the public is protected.

¶20 The referee, the OLR, and Attorney Muwonge himself have all proposed various conditions that could be imposed on Attorney Muwonge's law practice. While the level of detail and the wording of these various proposals differ, fundamentally, there is consensus. All concur that continued WisLAP monitoring is critical, and we agree. All concur that Attorney Muwonge's practice of law should be monitored by an experienced Wisconsin attorney, and we agree. Attorney Muwonge has identified a suitable attorney willing to monitor his law practice. Attorney Harold Block, who has known Muwonge for over 30 years and represented Muwonge when he sought immigration status after coming to Wisconsin from Uganda, testified that he was willing to monitor Muwonge if he is reinstated and the referee supports his appointment.

¶21 The practice monitor will oversee Attorney Muwonge's practice of law and will seek to ensure that Attorney Muwonge limits his practice to no more than 40 hours per week until his treatment provider advises the monitor that this limit is no longer necessary.

¶22 Some of the proposed conditions are typically required in WisLAP monitoring contracts. WisLAP requires that attorneys in the monitoring program execute a written monitoring contract, the terms of which are modeled after industry standards for monitoring lawyers and other impaired professionals and are specific and tailored to meet the individual lawyer's needs. For example, a monitoring agreement may require a lawyer to abstain from the use of alcohol and all non-prescribed controlled substances, may require attendance at a requisite number of AA meetings each week, may require daily check-ins, and may require random drug and/or alcohol testing. Appropriate monitoring requirements will be set forth in Attorney Muwonge's monitoring contract with WisLAP so we decline to enumerate them here.

¶23 Other proposed conditions are designed to ensure appropriate communication among and between Attorney Muwonge, his practice monitor, WisLAP, and the OLR. We impose the following conditions on Attorney Muwonge's practice of law:

12

(1) <u>WisLAP Monitoring</u>. Continued participation in the WisLAP monitoring program for a period of two years following the date of this order;

(2) <u>Law Practice Supervision and Status Reports</u>. Supervision of his law practice for a period of two years following the date of this order. The court appoints Attorney Howard Block to serve as practice monitor. If Attorney Block ceases to be available to monitor Attorney Muwonge, his successor shall be an attorney approved by WisLAP. The practice monitor will provide written reports to the OLR in September and December 2016; March, June, September, and December 2017; and March and June 2018. To facilitate effective practice monitoring, Attorney Muwonge is directed to provide his practice monitor with permission to speak with all treating mental health and substance abuse providers.

(3) <u>Treatment and Status Reports</u>. Continued treatment as recommended by Attorney Muwonge's treatment providers to address mental health issues, with at least one mental health treatment provider sending the OLR a written status report in January and July 2017, and in January and July 2018;

(4) <u>Financial obligations</u>. Attorney Muwonge shall, if he has not already done so and subject to his ability to pay, make arrangements with the Wisconsin Lawyers' Fund for Client Protection (Fund) for repayment of any sums due to the Fund and shall also make arrangements with the OLR for repayment of outstanding costs.

¶24 We emphasize that Attorney Muwonge's reinstatement is contingent upon his compliance with these conditions. If the OLR learns that Attorney Muwonge has failed to comply with these conditions, the OLR may petition this court for immediate suspension of Attorney Muwonge's license to practice law pending

13

any further investigation or proceedings that may be necessary under the circumstances.

¶25 The underlying disciplinary proceeding that brought Attorney Muwonge's medical condition to this court's attention in 2008 could not be resolved at that time. When Attorney Muwonge was deemed subject to a medical incapacity, his defense of the underlying proceeding was not possible and, consistent with our court rules, the misconduct proceeding was held in abeyance until such time as the court ordered reinstatement of his license under SCR 22.26. See SCR 22.16(4)(d). That day has arrived.

¶26 Our rules require that, upon reinstatement, "the court shall direct the referee to proceed with the misconduct action." Id. The court will, consistent with the rules, issue a separate order directing the referee to proceed with the abated misconduct action. Nearly a decade has elapsed since the OLR filed the disciplinary complaint and Attorney Muwonge has been suspended for over eight of those years so we trust that the parties will work to resolve the underlying matter expeditiously.

¶27 Finally, we accept the referee's recommendation and impose on Attorney Muwonge the full costs of this proceeding, which are $8,118.32 as of April 27, 2016.

14

¶28 IT IS ORDERED that the petition for reinstatement of the license of Godfrey Y. Muwonge to practice law in Wisconsin is granted, effective the date of this order.

¶29 IT IS FURTHER ORDERED that, as conditions of the reinstatement of his license to practice law in Wisconsin, Godfrey Y. Muwonge shall comply with the following mandatory conditions:

(1) <u>WisLAP Monitoring</u>. Continued participation in the WisLAP monitoring program for a period of two years following the date of this order;

(2) <u>Law Practice Supervision and Status Reports</u>. Supervision of his law practice for a period of two years following the date of this order. The court appoints Attorney Howard Block to serve as practice monitor. If Attorney Block ceases to be available to monitor Attorney Muwonge, his successor shall be an attorney approved by WisLAP. The practice monitor will provide written reports to the OLR in September and December 2016; March, June, September, and December 2017; and March and June 2018. To facilitate effective practice monitoring, Attorney Muwonge is directed to provide his practice monitor with permission to speak with all treating mental health and substance abuse providers.

(3) <u>Treatment and Status Reports</u>. Continued treatment as recommended by Attorney Muwonge's treatment providers to address mental health issues, with at least one mental health treatment provider sending the OLR a written status report in January and July 2017, and in January and July 2018;

(4) <u>Financial obligations</u>. Attorney Muwonge shall, if he has not already done so and subject to his ability to pay, make arrangements with the Wisconsin Lawyers' Fund for Client Protection (Fund) for repayment of any sums due to the Fund and shall also make arrangements with the OLR for repayment of outstanding costs.

¶30 IT IS FURTHER ORDERED that within 120 days of the date of this order, Godfrey Y. Muwonge shall pay to the Office of Lawyer Regulation the costs of this proceeding, absent a showing of his inability to pay.

¶31 IT IS FURTHER ORDERED that restitution is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶32 IT IS FURTHER ORDERED that the court will, by separate order, appoint a referee to proceed with the abated misconduct action as required by SCR 22.16(4)(d).

¶33 IT IS FURTHER ORDERED that compliance with all of the terms of this order remain a condition of Godfrey Y. Muwonge's license to practice law in Wisconsin.

¶34 SHIRLEY S. ABRAHAMSON, J. *(concurring).* I join the per curiam, but I have reservations about ¶26.

¶35 On April 21, 2016, the court adopted Rule Petition 14-06 to grant more discretion to the OLR in disciplinary matters. I wonder why the OLR cannot exercise its discretion with regard to sending the old outstanding disciplinary matter to the referee? Have we not given the OLR sufficient discretion?