# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2007AP776-D |
| COMPLETE TITLE: | In the Matter of Medical Incapacity Proceedings Against Godfrey Y. Muwonge, Attorney at Law: |
| | Office of Lawyer Regulation, <br>             Complainant-Respondent, <br>      v. <br> Godfrey Y. Muwonge, <br>             Respondent-Appellant. |

DISCIPLINARY PROCEEDINGS AGAINST MUWONGE

| | |
|---|---|
| OPINION FILED: | February 17, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2007AP776-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Medical Incapacity Proceedings Against Godfrey Y. Muwonge, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant-Respondent,**

   **v.**

**Godfrey Y. Muwonge,**

      **Respondent-Appellant.**

**FILED**

**FEB 17, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Conditions imposed.*

¶1 PER CURIAM. We review the report and recommendation of Referee Dennis J. Flynn approving a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Godfrey Y. Muwonge. Attorney Muwonge stipulated to the facts underlying 43 counts of misconduct as alleged in the OLR's amended complaint, and Attorney Muwonge and the OLR jointly recommend certain conditions and restitution as discipline for the admitted misconduct. The referee determined there was an adequate factual basis to establish the alleged misconduct and concluded

that the parties' joint recommendation for discipline was appropriate.

¶2 Upon careful review of this matter, we uphold the referee's findings of fact and conclusions of law, as derived from the parties' stipulation, and agree that imposition of conditions and restitution are sufficient discipline for Attorney Muwonge's misconduct. We impose the full costs of this proceeding on Attorney Muwonge, which are $2,053.07, as of November 21, 2016.

¶3 This is an unusual disciplinary proceeding. It commenced in 2007 but was held in abeyance because Attorney Muwonge was deemed to have a medical incapacity. That medical incapacity has been removed so the disciplinary proceeding can proceed.

¶4 Attorney Muwonge was admitted to practice law in Wisconsin in 1997, and practiced immigration law in the Milwaukee area.

¶5 In April 2007, the OLR filed a disciplinary complaint against Attorney Muwonge alleging 43 counts of misconduct and seeking revocation of Attorney Muwonge's law license.

¶6 On September 29, 2008, the OLR and Attorney Muwonge stipulated that Attorney Muwonge had a medical incapacity and that, because of the medical incapacity, Attorney Muwonge could not successfully defend against the allegations of professional misconduct. On October 22, 2008, a referee agreed, recommending, consistent with this court's rules, that we suspend Attorney Muwonge's law license indefinitely, pursuant to

2

SCR 22.16(4), and that we hold the pending disciplinary proceeding in abeyance. On December 23, 2008, we issued an order adopting the referee's findings and conclusions; the 2007 disciplinary proceeding was held in abeyance. In re Medical Incapacity Proceedings Against Muwonge, No. 2007AP776, unpublished order (S. Ct. Dec. 23, 2008).

¶7 In the following years, Attorney Muwonge successfully sought and obtained treatment for his mental health and substance abuse issues.

¶8 In June 2015, Attorney Muwonge sought reinstatement of his license to practice law, asserting that his medical incapacity had been removed. An extensive evidentiary proceeding ensued. The referee agreed, and ultimately this court concluded that Attorney Muwonge had demonstrated by clear, satisfactory and convincing evidence that he is no longer medically incapacitated and that he is fit to practice law. In re Medical Incapacity Proceedings Against Muwonge, 2016 WI 55, 369 Wis. 2d 658, 881 N.W.2d 25. On July 1, 2016, we reinstated Attorney Muwonge's law license subject to a number of stringent conditions designed to monitor his continued fitness to practice law and to ensure protection of the public. Id.

¶9 Upon reinstating Attorney Muwonge's law license, we also issued an order pertaining to the underlying 2007 disciplinary proceeding that had been held in abeyance during his period of medical incapacity. See SCR 22.16(4)(d) ("[u]pon reinstatement, the court shall direct the referee to proceed

3

with the misconduct action.") We directed the referee and the parties to proceed with the 2007 disciplinary proceeding.

¶10 The parties executed a stipulation that the referee has accepted. Our task now is to review the referee's recommendation regarding the 2007 disciplinary proceeding.

¶11 The misconduct alleged in the 2007 disciplinary proceeding is serious. The amended complaint alleged 43 counts of professional misconduct involving 15 clients, primarily in immigration cases. It reflects a pattern of failure to pursue client matters, failure to respond to client inquiries, failure to communicate with clients, failure to keep clients informed, failure to refund retainers or costs that were not expended, and failure to return client files. For example, Attorney Muwonge was retained to help A&W Iron Metal, Inc. (A&W) obtain permanent resident status for certain employees. Attorney Muwonge failed to meet with the clients to address their questions, failed to return filed documents, and "[n]one of the workers received permanent status." Individual clients were also harmed when Attorney Muwonge failed to appear at hearings or to complete work he had undertaken for them.

¶12 All told, the OLR alleged and Attorney Muwonge has stipulated that he violated the following supreme court rules:

4

- Former SCR 20:1.4(a)[1] as alleged in counts one (L.C. and J.C.), four (A.L.), seven (A.B.), ten (N.R.), sixteen (P.K. and K.P.), nineteen (A&W), twenty-three (A.K.), twenty-five (L.P.), twenty-eight (W.W.), thirty (M.O. and K.O.), thirty-two (G.B.), thirty-five (P.M.), thirty-nine (M.B.), and forty-one (A.D. and S.D.).

- SCR 20:1.4(b)[2] as alleged in count thirty-three (G.B.).

- Former SCR 20:1.16(d)[3] as alleged in counts two (L.C. and J.C.), five (A.L.), eight (A.B.), twelve (N.R.), fourteen (S.M.), seventeen (P.K. and K.P.), twenty (A&W), twenty-one (A&W), twenty-six (L.P.), thirty-four (G.B.), thirty-six (P.M.), forty-two (A.D. and S.D.), and forty-three (A.D. and S.D.).

---

[1] Former SCR 20:1.4(a) applies to misconduct committed prior to July 1, 2007. It provided in pertinent part that a "lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[2] SCR 20:1.4(b) provides: "a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[3] Former SCR 20:1.16(d) applies to misconduct committed prior to July 1, 2007. It provided in pertinent part that:

. . . upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

- SCR 20.1.3[4] as alleged in counts three (A.L. and H.N.), six (A.B.), nine (A.B.), fifteen (P.K.), eighteen (A&W), twenty-two (A.K.), twenty-four (L.P.), twenty-seven (W.W.), twenty-nine (M.O.), thirty-one (G.B.), thirty-eight (M.B.), and forty (A.D. and S.D.).

- Former SCR 20:1.15(a), in effect until June 30, 2004,[5] as alleged in count eleven.

- SCR 22.03(6)[6] and SCR 20:8.4(f)[7] as alleged in count thirteen.

- SCR 20:8.4(c)[8] as alleged in count thirty-seven (P.M.).

¶13 In the stipulation, Attorney Muwonge represented that he fully understands the misconduct allegations; fully

---

[4] SCR 20:1.3 provides: "a lawyer shall act with reasonable diligence and promptness in representing a client."

[5] Former SCR 20:1.15(a) applies to misconduct committed prior to July 1, 2004. It will not be restated in its entirety but generally provided that: "a lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity."

[6] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[7] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[8] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

6

understands his right to contest the matter; fully understands the ramifications of his entry into the stipulation; acknowledges that he has had the representation and advice of counsel; and states that his entry into the stipulation is made knowingly and voluntarily.

¶14 The referee found that the facts alleged in the amended complaint adequately support the allegations of misconduct. The referee determined that Attorney Muwonge's plea was made freely, knowingly and voluntarily, and that Attorney Muwonge fully understands the misconduct allegations as well as his right to contest those charges. Further, the referee determined that Attorney Muwonge understands the ramifications of his decision to stipulate to the alleged misconduct. The referee concluded that the record in this case establishes by clear, satisfactory and convincing evidence that Attorney Muwonge engaged in the misconduct as alleged in each of the 43 counts set forth in the amended complaint. The referee thus approved Attorney Muwonge's no contest plea to the allegations of misconduct in the amended complaint.

¶15 With respect to the appropriate sanction, the parties agreed that the imposition of additional conditions and restitution is sufficient discipline for Attorney Muwonge's misconduct. The referee agreed as well. He noted that Attorney Muwonge was suspended from practice for over eight years, from April 2008 to July 2016, primarily due to his medical incapacity. The referee acknowledged that Attorney Muwonge has since taken "significant and meaningful steps" to remove his

7

medical incapacity. The referee noted that this court has already imposed a "significant number of monitoring strategies and restrictions intended to provide safeguards to the public who may utilize his services." The referee recommended this court accept the parties' joint recommendation as to the sanctions, impose additional conditions, and order payment of restitution to three clients.

¶16 No appeal has been filed, so we review the referee's report pursuant to SCR 22.17(2). We will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶17 We adopt the referee's findings of fact and his conclusion that Attorney Muwonge violated the supreme court rules as alleged in the OLR's amended complaint, and as admitted in the stipulation.

¶18 Typically, misconduct as serious as that alleged here would warrant a lengthy license suspension or revocation, which bars an attorney from seeking reinstatement for at least five years.[9] Here, Attorney Muwonge's law license was suspended for

---

[9] SCR 22.29(2) provides: "A petition for reinstatement of a license that is revoked may be filed at any time commencing five years after the effective date of revocation."

eight years, from 2008 until 2016, when he successfully demonstrated that his medical incapacity had been removed.

¶19 To suspend or revoke Attorney Muwonge's law license again, for misconduct that occurred prior to the lengthy suspension for medical incapacity, would not serve the interests of justice and is not necessary to protect the public. Under the specific facts of this case, we are satisfied that the imposition of additional conditions and restitution, as stipulated by the parties and recommended by the referee, is sufficient discipline for the misconduct described in the 2007 disciplinary proceeding.

¶20 We accept the conditions recommended by the referee. We agree that Attorney Muwonge shall continue to comply with all conditions previously imposed by this court in our order of July 1, 2016, conditionally reinstating Attorney Muwonge's law license.[10]

---

[10] The conditions imposed on Attorney Muwonge in this court's July 1, 2016 order are summarized here:

(1) WisLAP Monitoring. Continued participation in the WisLAP monitoring program for a period of two years following the date of this order;

(2) Law Practice Supervision and Status Reports. Supervision of his law practice for a period of two years following the date of this order;

(3) Treatment and Status Reports. Continued treatment as recommended by Attorney Muwonge's treatment providers to address mental health issues, with at least one mental health treatment provider sending the OLR a written status report in January and July 2017, and in January and July 2018;

(continued)

¶21 The parties have stipulated and the referee recommends that Attorney Muwonge should be ordered to pay restitution to three former clients, A.B., A.K., and A&W. Apparently the parties were unable to reach agreement on the precise amount of restitution that Attorney Muwonge should pay to each client. This is evidenced by language in the parties' stipulation stating that the $2,500 and $800 in restitution due to A.B. and A.K., respectively, may be "reduced by any amount Muwonge can establish to the satisfaction of OLR that represents the value of services he actually performed" for each of these clients. The parties also stipulate that restitution is due to A&W employees in an amount "believed to be $11,800 to $16,800" that should be "determined by an accounting of the value of the services [Attorney Muwonge] actually performed for [the clients], that Muwonge must provide to the satisfaction of OLR."

¶22 This court is not a fact finder and we are disinclined to accept indeterminate restitution recommendations. We are also disinclined to accept a recommendation that does not impose a time frame for the parties to resolve the amount of

---

(4) <u>Financial obligations</u>. Attorney Muwonge shall, if he has not already done so and subject to his ability to pay, make arrangements with the Wisconsin Lawyers' Fund for Client Protection (Fund) for repayment of any sums due to the Fund and shall also make arrangements with the OLR for repayment of outstanding costs.

restitution owed to a client injured by an attorney's misconduct.

¶23 We direct Attorney Muwonge to make restitution of $2,500 to A.B. Consistent with the terms of the parties' stipulation, this amount may be reduced by any amount that Attorney Muwonge can establish, to the satisfaction of the OLR, represents the value of legal services he actually performed for A.B. However, any appropriate reduction in A.B.'s restitution award must be determined promptly.

¶24 The parties are thus directed to advise this court, in writing, within 90 days of the date of this order, whether a reduction in the restitution award to A.B. is appropriate. If the parties are unable to reach an agreement, they shall so advise the court and the court may submit the matter to a referee for a determination of appropriate restitution and for a recommendation as to which party should bear the costs of the referee's supplemental review to determine the amount of restitution that should be paid to A.B.

¶25 We direct Attorney Muwonge to make restitution of $800 to A.K. Consistent with the terms of the parties' stipulation, this amount may be reduced by any amount Attorney Muwonge can establish, to the satisfaction of the OLR, represents the value of legal services actually performed for A.K. Again, any appropriate reduction in A.K.'s restitution award must be determined promptly.

¶26 The parties are directed to advise this court, in writing, within 90 days of the date of this order, whether a

reduction in the amount of restitution owed to A.K is appropriate. If the parties are unable to reach an agreement, they shall so advise the court and the court may submit the matter to a referee for a determination of the appropriate restitution and for a recommendation as to which party should bear the costs of the referee's supplemental review to determine the amount of restitution that should be paid to A.K.

¶27 Attorney Muwonge is also ordered to make restitution to A&W. The parties' stipulation indicates that the appropriate amount of restitution to A&W is likely between $11,800 and $16,800. The parties are directed to advise this court, in writing, of the appropriate amount of restitution due to A&W within 90 days of the date of this order. If the parties are unable to reach an agreement, the parties shall so advise the court and the court may submit the matter to a referee for a determination of appropriate restitution due to A&W and for a recommendation as to which party should bear the costs of the referee's supplemental review to determine the amount of restitution that should be paid to A&W.

¶28 The referee also recommends we require Attorney Muwonge to successfully attend continuing legal education and legal ethics (CLE) courses as deemed appropriate by the OLR. We agree that the OLR may direct Attorney Muwonge to attend specific CLE courses during the period it monitors Attorney Muwonge's law practice, provided those CLE course recommendations will not require overnight travel and do not exceed the requirements Attorney Muwonge must fulfill to satisfy

12

his continuing legal education requirements.  <u>See</u> SCR Chapter 31 (Continuing Legal Education).

¶29  Finally, we also deem it appropriate, as is our usual custom, to impose the full costs of this disciplinary proceeding on Attorney Muwonge.

¶30  IT IS ORDERED that compliance with all of the terms of this order and our July 1, 2016 order are conditions of Godfrey Y. Muwonge's license to practice law in Wisconsin.

¶31  IT IS FURTHER ORDERED that Godfrey Y. Muwonge shall pay restitution of $2,500 to A.B., less any appropriate reduction to be determined as set forth in this order.

¶32  IT IS FURTHER ORDERED the parties are directed to advise this court, in writing, of the appropriate amount of restitution due to A.B., within 90 days of the date of this order.

¶33  IT IS FURTHER ORDERED that Godfrey Y. Muwonge shall pay restitution of $800 to A.K., less any appropriate reduction to be determined as set forth in this order.

¶34  IT IS FURTHER ORDERED the parties are directed to advise this court, in writing, of the appropriate amount of restitution due to A.K., within 90 days of the date of this order.

¶35  IT IS FURTHER ORDERED that Godfrey Y. Muwonge is ordered to make restitution to A&W Iron Metal, Inc., in an amount to be determined as set forth in this order.

¶36  IT IS FURTHER ORDERED the parties are directed to advise this court, in writing, of the appropriate amount of

13

restitution due to A&W Iron Metal, Inc., within 90 days of the date of this order.

¶37  IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs.

¶38  IT IS FURTHER ORDERED that Godfrey Y. Muwonge shall attend continuing legal education and legal ethics courses as directed by the Office of Lawyer Regulation during its monitoring period, subject to the limitations set forth in this order.

¶39  IT IS FURTHER ORDERED that within 60 days of the date of this order, Godfrey Y. Muwonge shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $2,053.07.

1