ANN WALSH BRADLEY, J. (dissenting).
 

 ¶ 24 In spite of Attorney Tjader having received three prior reprimands, the court imposes yet another reprimand.
 
 [1]
 
 Accepting the recommendation of the referee, which in turn accepted the amended stipulation of the parties, it determines that a public reprimand is appropriate.
 

 ¶ 25 In justifying its decision, the court apparently is persuaded by the Office of Lawyer Regulation's (OLR) assurance that a public reprimand is the correct level of discipline.
 
 See
 
 per curiam, ¶ 16. I am not persuaded by OLR's assurance. Instead, for the reasons set forth below, I would impose progressive discipline and place the onus on Attorney Tjader to demonstrate that no restitution is required.
 

 ¶ 26 First, the opinion of this court states that "the OLR assured the court in its memorandum in support of the amended stipulation that it carefully considered Attorney Tjader's disciplinary history when determining OLR's recommendation for a public reprimand." Part of that disciplinary history includes a private reprimand issued by OLR-not this court-for a second offense OWI.
 
 [2]
 

 ¶ 27 I thought that we were long since past the time of addressing multiple OWI convictions (a criminal offense) by imposing merely a private reprimand.
 
 See e.g.
 
 ,
 
 In re Disciplinary Proceedings Against Horsch
 
 ,
 
 2017 WI 105
 
 , ¶ 23,
 
 378 Wis. 2d 554
 
 ,
 
 905 N.W.2d 129
 
 (explaining that "multiple OWI convictions are unquestionably a serious failing that 'reflects adversely on [an attorney's] fitness as a lawyer in other respects.' ") The OLR's assurance that "it carefully considered" Attorney Tjader's disciplinary history when making this recommendation for a public reprimand rests on what appears to be the misguided foundation of OLR's private reprimand for her prior criminal conviction.
 

 ¶ 28 Second, the OLR seems to be taking a statement by this court regarding progressive discipline and turning it on its head. As justification for going along with the stipulation, the referee in this case observed that OLR apparently took the position that because Attorney Tjader's prior misconduct did not involve the same violations asserted here, that progressive discipline need not be imposed. For this dubious proposition it relied on our statement recognizing
 that progressive discipline should be followed, especially in cases of repeated violations of the same code provision.
 
 In re Disciplinary Proceedings Against Nussberger
 
 ,
 
 2006 WI 111
 
 , ¶ 27,
 
 296 Wis. 2d 47
 
 ,
 
 719 N.W.2d 501
 
 . Somehow, the OLR apparently now relies on this statement as a justification to not impose progressive discipline when there are violations of different code provisions.
 

 ¶ 29 Finally, the OLR's position on restitution is misguided. It places the onus for professional misconduct on the victim of that misconduct rather than on the attorney engaging in the misconduct. We recently advised the OLR of the error of its ways in
 
 Matter of Med. Incapacity Proceedings Against Muwonge
 
 ,
 
 2017 WI 12
 
 , ¶ 23,
 
 373 Wis. 2d 173
 
 ,
 
 890 N.W.2d 575
 
 (explaining that restitution "may be reduced by any amount that [the] [a]ttorney [ ] can establish, to the satisfaction of the OLR, represents the value of legal services he actually performed for [the client].").
 

 ¶ 30 Accordingly, I respectfully dissent.
 

 ¶ 31 I am authorized to state that Justice SHIRLEY S. ABRAHAMSON, joins this dissent.
 

 Attorney Tjader was publicly reprimanded in 2002, and privately reprimanded in 2006 and 2014.
 

 SCR 22.05(1)(c) provides that: "Upon completion of an investigation, the director may do one or more of the following: ... Obtain the respondent's consent to the imposition of a public or private reprimand and proceed under SCR 22.09."