# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP1590-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Robert J. Smead, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant,<br>     v.<br>Robert J. Smead,<br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST SMEAD

| | |
|---|---|
| OPINION FILED: | February 20, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2012AP1590-D

STATE OF WISCONSIN      :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Robert J. Smead, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Robert J. Smead,**

      **Respondent.**

**FILED**

**FEB 20, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1   PER CURIAM.   We review the report and recommendation of the referee, the Honorable John B. Murphy, approving a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Robert J. Smead regarding Attorney Smead's professional misconduct in the handling of one client matter.  The OLR and Attorney Smead stipulate that Attorney Smead committed professional misconduct.  The referee concluded that the appropriate sanction for the misconduct is a public reprimand.  Upon careful consideration, we adopt the stipulated facts and

the referee's conclusions of law. We also agree that a public reprimand is an appropriate level of discipline, and also find it appropriate to order Attorney Smead to pay the full costs of the proceeding, which are $1,699.03 as of January 2, 2013.

¶2 Attorney Smead was admitted to practice law in Wisconsin in 1998 and practices in Larsen, Wisconsin. In 2010, his law license was suspended for 120 days for misconduct found in two separate attorney disciplinary matters. The misconduct at issue included failing to respond to clients' requests for information; failing to hold clients' money in trust; failing to refund an unearned fee to a client; failing to have a written contingent fee agreement; and failing to respond to the OLR's grievance investigations. In re Disciplinary Proceedings Against Smead, 2010 WI 4, ¶¶20, 28, 322 Wis. 2d 100, 777 N.W.2d 644. In 2011, Attorney Smead was publicly reprimanded for failure to notify a client that his law license had been suspended; failure to provide a client with an accounting of fees advanced and a refund of any unearned portion of the fee following the suspension of his law license; and failure to provide the OLR with a written response to a grievance investigation. In re Disciplinary Proceedings Against Smead, 2011 WI 102, ¶9, 338 Wis. 2d 23, 806 N.W.2d 631.

¶3 On July 17, 2012, the OLR filed a complaint alleging seven counts of misconduct arising out of Attorney Smead's representation of J.C., who hired Attorney Smead to represent him in a criminal matter. J.C. paid Attorney Smead an advanced

fee of $2,000.   Attorney Smead did not prepare a written fee agreement, nor did he deposit the fee into his trust account.

¶4   On July 26, 2007, Attorney Smead filed a notice of appearance in the criminal matter on J.C.'s behalf.   On September 5, 2007, the OLR filed a motion with this court asking it to order Attorney Smead to show cause why his law license should not be suspended for willful noncooperation in three grievance investigations unrelated to J.C.'s case.   Attorney Smead failed to timely respond to this court's order to show cause, and on October 10, 2007, this court issued an order temporarily suspending Attorney Smead's license.   The order required Attorney Smead to comply with SCR 22.26 which requires, among other things, that a suspended attorney notify clients in pending matters of the attorney's suspension and consequent inability to act.   The rule also requires that the attorney notify courts and adverse parties of the suspension.

¶5   Attorney Smead did not advise J.C., the presiding court, or the assistant district attorney that his license to practice law had been suspended.   On October 17, 2007, J.C. telephoned Attorney Smead to ask about the status of his case. Attorney Smead's telephone was disconnected.   J.C. then sent Attorney Smead an e-mail.   Attorney Smead responded and provided a new telephone number but he did not inform J.C. that his law license had been suspended.

¶6   J.C. telephoned Attorney Smead multiple times and sent several e-mails seeking information about the status of his case.   Attorney Smead failed to provide meaningful responses to

3

J.C.'s inquiries, and continued in his failure to inform J.C. that his law license had been suspended, that he could no longer represent J.C., and that J.C. should hire a new attorney.

¶7   J.C. learned through a source other than Attorney Smead that Attorney Smead's law license had been suspended.  On January 24, 2008, J.C. sent Attorney Smead an e-mail and specifically asked him to refund the $2,000 advanced fee. Attorney Smead did not respond to the request and did not provide any refund.

¶8   J.C. subsequently retained another attorney to represent him in his criminal matter.  In February of 2008, J.C. submitted a claim for reimbursement to the Wisconsin Lawyers' Fund for Client Protection ("the Fund").   The Fund approved payment of $2,000 to J.C. for reimbursement of funds lost as a result of Attorney Smead's conduct.

¶9   The OLR's complaint alleged the following counts of misconduct:

> [COUNT ONE:] By accepting a $2,000 advanced fee from [J.C.] and failing to communicate in writing the scope of the representation, the basis or rate of the fee, and the purpose and effect of the advanced fee, Smead violated SCR 20:1.5(b)(1) and (b)(2).[1]

---

[1] SCR 20:1.5(b)(1) and (b)(2) states as follows:

> (b)(1) The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, except before or within a reasonable time after commencing the representation when the lawyer will charge a regularly represented client on the same basis or rate as in the past.   If it is reasonably foreseeable that the total cost of

4

[COUNT TWO:] By failing to deposit funds received in anticipation of providing legal services into his trust account, with no evidence he intended to use the alternative fee placement provisions permitted by the rules, Smead violated SCR 20:1.15(b)(4).[2]

[COUNT THREE:] By charging [J.C.] $2,000 for representation in a criminal matter that he did not complete, Smead charged an unreasonable fee, and therefore violated SCR 20:1.5(a).[3]

---

the representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

(b)(2) If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing.

[2] SCR 20:1.15(b)(4) states:

Unearned fees and cost advances. Except as provided in par. (4m), unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to sub. (g). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

[3] SCR 20:1.5(a) provides:

A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

[COUNT FOUR:] By failing to meaningfully respond to [J.C.'s] multiple phone calls and e[-]mails seeking information about the status of his case, and otherwise failing to reasonably consult with [J.C.] regarding the means by which the objectives of the representation were to be pursued, Smead violated SCR 20:1.4(a)(2).[4]

[COUNT FIVE:] By failing to respond to [J.C.'s] specific request for a refund of unearned fees, Smead violated SCR 20:1.5(b)(3).[5]

[COUNT SIX:] By failing to refund unearned fees to [J.C.], Smead violated SCR 20:1.16(d).[6]

---

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

[4] SCR 20:1.4(a)(2) provides that a lawyer shall "reasonably consult with the client about the means by which the client's objectives are to be accomplished; . . . ."

[5] SCR 20:1.5(b)(3) states, "A lawyer shall promptly respond to a client's request for information concerning fees and expenses."

[6] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not

[COUNT SEVEN:] By failing to notify his client, the presiding court, and the prosecutor handling the criminal matter that his law license was under suspension, Smead violated SCR 22.26(1)(a), (b)[,] and (c).[7]

¶10 Attorney Smead filed an answer on July 25, 2012, admitting the allegations in the complaint.  On October 26, 2012, the OLR and Attorney Smead entered into a stipulation whereby Attorney Smead stated he understood his right to a full evidentiary hearing at which the OLR would have the burden to prove the allegations in the complaint by clear, satisfactory,

---

been earned or incurred.  The lawyer may retain papers relating to the client to the extent permitted by other law.

[7] SCR 22.26(1)(a), (b), and (c) states as follows:

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.  The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

and convincing evidence. Attorney Smead affirmed that no promises were made to secure his entry into the stipulation and that he entered into the stipulation voluntarily and of his own free will. The parties stipulated that Attorney Smead would make restitution to the Fund in the amount of $2,000, with interest at the rate of five percent dating back to January 24, 2008. On October 26, 2012, the referee entered an order approving the stipulation. The referee requested the parties to brief the issue of appropriate discipline. Following review of those briefs, the referee filed his recommendation as to discipline on December 10, 2012. While the OLR had sought a 60-day suspension, Attorney Smead asked for a public reprimand. The referee concluded that a public reprimand was an appropriate sanction.

¶11 The referee pointed out that the misconduct at issue in this case occurred in the fall of 2007, which was the same general time period during which the misconduct that resulted in Attorney Smead's prior suspension and public reprimand arose. The referee said during that time period, Attorney Smead had taken on too many cases to help another lawyer and he became overwhelmed. As a result of the extra work, Attorney Smead became burned out and exhausted and began neglecting his work, which resulted in complaints to the OLR.

¶12 The referee said in retrospect, Attorney Smead seems to now recognize that his behavior during late 2007 and early 2008 fell far below the standard of professional responsibility expected from any attorney. The referee said although none of

Attorney Smead's post-event analysis of his behavior excuses his actions in J.C.'s case, it does provide a context for those actions and suggests that his mistakes were not motivated by greed or laziness. The referee said Attorney Smead's self-analysis suggests that he is capable of understanding where he went wrong in his practice and how those errors could be avoided in the future.

¶13 The referee notes that following his suspension Attorney Smead began working as a nursing assistant and later attended nursing school and became a registered nurse in June of 2010. Attorney Smead continues to work as a nurse. The referee also notes that Attorney Smead's law license is currently in good standing and he has been working with the Winnebago County Free Legal Clinic on a limited basis by providing pro bono and reduced fee services to needy clients. The referee also points out that Attorney Smead has made restitution to the Fund.

¶14 The referee concluded that he did not believe a further suspension would serve either the public or Attorney Smead in any meaningful way. In the words of the referee:

> Smead has been extremely cooperative in handling this case and he has demonstrated a more than adequate understanding of his past mistakes. He appears sincerely sorry for what he did to his clients, including [J.C.] Smead has made a new life for himself and has returned to the practice of law as part of that life. He has chosen to make amends for this past by providing legal service to those in need. To deprive him of that opportunity through suspension would be counter-productive.

¶15 The referee recommends that the court impose a public reprimand. He also suggests that this court should consider waiving costs.

¶16 This court will affirm a referee's findings of fact unless they are clearly erroneous, but conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. This court is free to impose whatever discipline it deems appropriate, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶17 After careful review of the record, we adopt the referee's findings of fact and conclusions of law. We also agree with the referee that a public reprimand is an appropriate level of discipline.

¶18 We note, as did the referee, that the misconduct at issue here had its genesis in the same time frame that was at issue in the matters that led to Attorney Smead's prior suspension and public reprimand. Attorney Smead has indicated that since that time he has evaluated his past behavior, recognized his mistakes, and declared his remorse for his misconduct. He has embarked on a new career in nursing and has returned to the practice of law on a limited basis and provides services to needy clients. We also note that Attorney Smead was willing to resolve this matter without the need for a full evidentiary hearing, and he made the ordered restitution to the

10

Fund. Under all of these circumstances we conclude that a public reprimand is an appropriate level of discipline.

¶19 We decline to adopt the referee's recommendation that Attorney Smead not be assessed the costs of the proceeding. Supreme Court Rule 22.24(1m) provides that it is this court's general policy upon a finding of misconduct to impose all costs upon the respondent. In cases involving extraordinary circumstances, the court may, in the exercise of its discretion, reduce the amount of costs. We find no extraordinary circumstances in this case that would warrant a deviation from the court's general policy.

¶20 IT IS ORDERED that Robert J. Smead is publicly reprimanded for professional misconduct.

¶21 IT IS FURTHER ORDERED that within 60 days of the date of this order, Robert J. Smead shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶22 IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.