# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP737-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Philip A. Shepherd, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>    v.<br>Philip A. Shepherd,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST SHEPHERD

| | |
|---|---|
| OPINION FILED: | June 23, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| CONCURRED AND DISSENTED: | ABRAHAMSON, J. concurs and dissents, joined by A.W. Bradley, J. |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP737-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Philip A. Shepherd, Attorney at Law:**

**Office of Lawyer Regulation,**

　　　　　**Complainant,**

　　**v.**

**Philip A. Shepherd,**

　　　　　**Respondent.**

**FILED**

**JUN 23, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. We review a report filed by Referee John B. Murphy concluding that Attorney Philip A. Shepherd committed ten counts of misconduct as alleged in the Office of Lawyer Regulation's (OLR) complaint. The referee determined that a public reprimand was appropriate discipline for Attorney Shepherd's misconduct. The referee also recommended that Attorney Shepherd should be directed to pay restitution in two

client matters and should be assessed the full costs of the proceeding, which are $1,887.96 as of March 8, 2017.

¶2 After careful review of the matter, we conclude that the referee's findings of fact are supported by clear, satisfactory, and convincing evidence. We adopt the referee's conclusions of law. We agree that the appropriate discipline for Attorney Shepherd's misconduct is a public reprimand, and we agree that Attorney Shepherd should be required to pay restitution as recommended, and shall bear the full costs of this proceeding.

¶3 Attorney Shepherd graduated from law school in Minnesota in 1991 and was admitted to practice law in Wisconsin in 2006. He practiced in the Fond du Lac area. He has no prior discipline but his Wisconsin law license is presently suspended. On October 31, 2014, the State Bar of Wisconsin administratively suspended Attorney Shepherd's Wisconsin law license for failure to comply with trust account certification requirements. On June 2, 2015, the Board of Bar Examiners (BBE) administratively suspended Attorney Shepherd's Wisconsin law license for failure to comply with continuing legal education requirements. On October 31, 2015, the State Bar of Wisconsin administratively suspended Attorney Shepherd's Wisconsin law license for failure to pay bar dues.

¶4 On March 7, 2016, this court temporarily suspended Attorney Shepherd's Wisconsin law license for his failure to cooperate in an OLR investigation into conduct that resulted in

Counts nine and ten of the disciplinary complaint in this proceeding.

¶5 On April 12, 2016, the OLR filed a ten-count complaint against Attorney Shepherd alleging misconduct involving three client matters as well as failure to cooperate with the OLR.

¶6 The first four counts of the OLR complaint involve Attorney Shepherd's representation of Jean and James B., a married couple, who hired Attorney Shepherd to complete a health care power of attorney for Jean's mother. They did not sign a written fee agreement. Attorney Shepherd completed the paperwork and Jean gave Attorney Shepherd a $200 check, which he deposited into his business account. On December 23, 2013, Jean met with Attorney Shepherd to begin drafting guardianship paperwork for her mother and paid Attorney Shepherd $2,000 in advanced fees; she did not sign a written fee agreement. Attorney Shepherd deposited the $2,000 into his business account. Later that day, Jean learned that a guardianship would not be necessary. She contacted Attorney Shepherd and told him not to proceed with the guardianship work.

¶7 In March of 2014, James asked Attorney Shepherd to draft an estate plan for his family and to form a limited liability corporation (LLC). At that time, Attorney Shepherd had not refunded any fees to these clients or sent them an accounting. They indicated they wished to use their previously paid funds for this legal work. Attorney Shepherd did not prepare a fee agreement for this work. He completed the LLC and estate work in April 2014. On August 4, 2014, the clients

requested an accounting and a refund of any unearned fees. When Attorney Shepherd failed to provide an accounting or a refund, the clients filed a grievance.

¶8 On March 2, 2015, Attorney Shepherd created and submitted to the OLR an invoice showing $1,577.50 of work completed on the guardianship, estate plan, and LLC matters, leaving $622.50 in unearned fees. Attorney Shepherd has not refunded any unearned fees to these clients.

¶9 The OLR complaint alleged four counts of misconduct with respect to Attorney Shepherd's representation of Jean and James: (1) by accepting a $2,000 advance fee for legal work without a written fee agreement, when it was reasonably foreseeable that the total cost of the representation would exceed $1,000, and did exceed $1,000, Attorney Shepherd violated SCR 20:1.5(b)(1) and (2);[1] (2) by failing to place advanced fees

---

[1] SCR 20:1.5(b) provides:

> (1) The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall he communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may he oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.
>
> (2) If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee

(continued)

4

into his trust account, without evidence of an intention to follow the SCR 20:1.15(b)(4m) alternative, Attorney Shepherd violated SCR 20:1.15(b)(4);[2] (3) by failing to respond to the clients' requests for information regarding fees and a final accounting, Attorney Shepherd violated SCR 20:1.5(b)(3);[3] and (4) by failing to refund any unearned fees to these clients, Attorney Shepherd violated SCR 20:1.16(d).[4]

---

that is paid to the lawyer shall be communicated in writing.

[2] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2016.

SCR 20:1.15(b)(4) provided:

Except as provided in par. (4m), unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to sub. (g). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

[3] SCR 20:1.5(b)(3) provides: "A lawyer shall promptly respond to a client's request for information concerning fees and expenses."

[4] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers

(continued)

¶10 Counts five through eight of the complaint involved Attorney Shepherd's representation of I.P., in connection with documenting the sale of a farm.

¶11 In early 2014, I.P. hired Attorney Shepherd to draft paperwork for the sale and transfer of a farm. On January 23, 2014, I.P. met with Attorney Shepherd to discuss the necessary legal work and gave him several original documents. Attorney Shepherd indicated that the work would be completed within a month. At that meeting, I.P. paid Attorney Shepherd $1,000 in advanced fees, but did not sign a written fee agreement. Attorney Shepherd did not deposit I.P.'s fees into his trust account and did no work on I.P.'s behalf.

¶12 From March through May of 2014, I.P. and her daughter repeatedly attempted to contact Attorney Shepherd, without success. Eventually I.P. hired another attorney to document the farm's sale. Attorney Shepherd has not refunded any unearned fees to I.P., despite her request that he do so.[5]

¶13 The OLR complaint alleged four counts of misconduct with respect to Attorney Shepherd's representation of I.P.: (1) by failing to take steps to complete the work that he had been hired to perform on I.P.'s behalf, Attorney Shepherd violated

---

relating to the client to the extent permitted by other law.

[5] In December of 2014, the Wisconsin Lawyers' Fund for Client Protection reimbursed I.P.'s $1,000 advanced fee.

6

SCR 20:1.3;[6] (2) by failing to respond to I.P.'s status inquiries or otherwise keep I.P. informed regarding the status of her matter, Attorney Shepherd violated SCR 20:1.4(a)(3) and (4);[7] (3) by failing to place advanced fees into his trust account, and without evidence of an intention to follow the SCR 20:1.15(b)(4m) alternative, Attorney Shepherd violated SCR 20:1.15(b)(4); and (4) by failing to refund unearned fees to I.P., Attorney Shepherd violated SCR 20:1.16(d).

¶14 Counts nine and ten of the OLR complaint pertain to Attorney Shepherd's unauthorized representation of M.T. and his failure to cooperate with the OLR's inquiries about this incident. Attorney Shepherd's Wisconsin law license has been administratively suspended since October 31, 2014. In March 2015, Attorney Shepherd agreed to prepare a will and related documents for M.T. M.T. paid Attorney Shepherd $700 and Attorney Shepherd completed the work for M.T.

¶15 On November 16, 2015, the OLR contacted Attorney Shepherd requesting specific information regarding his work for M.T., which was conducted while his law license was suspended. Attorney Shepherd did not respond. On December 17, 2015, the OLR personally served Attorney Shepherd with a letter directing

---

[6] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[7] SCRs 20:1.4(a)(3) and (4) provides a lawyer shall: "(3) keep the client reasonably informed about the status of the matter, (4) promptly comply with reasonable requests by the client for information."

7

him to respond to the OLR's request regarding M.T. Again, Attorney Shepherd did not respond. The OLR filed a notice of motion and motion requesting an order to show cause as to why Attorney Shepherd's license should not be suspended for failing to cooperate in an OLR investigation. On March 7, 2016, this court granted the OLR's motion and temporarily suspended Attorney Shepherd's law license. His license remains temporarily suspended.

¶16 The OLR complaint alleged two counts of misconduct regarding this incident: (1) by practicing law while his license was suspended, Attorney Shepherd violated SCR 22.26(2),[8] enforced via SCR 20:8.4(f);[9] and (2) by failing to respond to the

---

[8] SCR 22.26(2) provides:

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[9] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a state supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

OLR's request for information, Attorney Shepherd violated SCR 22.03(6), enforceable via SCR 20:8.4(h).[10]

¶17 Attorney Shepherd filed an answer in which he admitted to "the general factual basis for Counts 1-10" and to the "general legal conclusions in Counts 1-10." Referee Murphy was appointed.

¶18 At an ensuing scheduling conference, Attorney Shepherd indicated he did not want to contest the allegations contained in the complaint nor did he contest the OLR's motion for judgment on the pleadings. He did, however, contest the proposed discipline, maintaining private discipline was sufficient in view of his struggles with depression and other personal challenges. The OLR was directed to forward a stipulation to Attorney Shepherd by September 9, 2016.

¶19 By letter dated October 11, 2016, the OLR informed the referee that Attorney Shepherd had not returned the stipulation or otherwise responded to the OLR. The OLR sought a judgment on the pleadings.

¶20 The OLR and Attorney Shepherd then executed and filed a Waiver of Right to a Hearing and each party submitted briefs on the proper level of discipline.

---

[10] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

¶21 The referee filed his findings of fact, conclusions of law, and recommendation for discipline on February 24, 2017. The referee determined that the OLR had met its burden of proof with respect to the ten counts of misconduct alleged in the complaint. Essentially, the referee found that Attorney Shepherd admitted to each and every allegation contained in the complaint, based on his admissions contained in the Answer and in the Waiver of Right to a Hearing, together with Attorney Shepherd's statements made during the telephone scheduling conferences.

¶22 The referee then considered the appropriate discipline, considering the seriousness, nature, and extent of misconduct, the level of discipline needed to protect the public and the legal system from repetition of the misconduct, the need to impress on the attorney the seriousness of the misconduct, and the need to deter others from committing similar acts. In re Disciplinary Proceedings Against Scanlan, 2006 WI 38, ¶72, 290 Wis. 2d 30, 712 N.W.2d 877; citing In re Disciplinary Proceedings Against Charlton, 174 Wis. 2d 844, 875-76, 498 N.W.2d 380 (1993). The referee concluded that in this case, public discipline is appropriate. The referee recommends that we publicly reprimand Attorney Shepherd, that we order him to pay restitution, and that we impose the full costs of the proceeding on Attorney Shepherd.

¶23 Attorney Shepherd sought to file an appeal from the referee's report and recommendation, but, by order dated May 15,

2017 the court ruled that his appeal was untimely.[11] Thus, the court's review proceeds under SCR 22.17(2).[12]

¶24 In conducting our review, we uphold a referee's findings of fact unless they are shown to be clearly erroneous, but we review the referee's conclusions of law on a de novo basis. See In re Disciplinary Proceedings Against Carroll, 2001 WI 130, ¶29, 248 Wis. 2d 662, 636 N.W.2d 718; In re Disciplinary Proceedings Against Sosnay, 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). Having established the proper factual and legal setting, we determine the appropriate level of discipline to be imposed under the circumstances, independent of the referee's

---

[11] In his notice of appeal, Attorney Shepherd indicated his intent to resign his law license. As part of our order dismissing his appeal we advised Attorney Shepherd that we would hold this disciplinary matter in abeyance for 20 days to afford him the opportunity to file a petition to voluntarily surrender his Wisconsin license with the State Bar of Wisconsin, such that his request for a voluntary resignation from the State Bar would be considered along with the pending disciplinary proceeding. On May 30, 2017, Attorney Shepherd filed a petition to voluntarily surrender his Wisconsin license with the State Bar of Wisconsin. On June 1, 2017, the OLR asked that we resolve this disciplinary proceeding before acting on the petition.

[12] SCR 22.17(2) provides:

    If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶25 There is no showing that any of the referee's findings of fact are clearly erroneous. Accordingly, we adopt them. We also agree with the referee's conclusions of law that Attorney Shepherd violated the supreme court rules set forth above.

¶26 The only contested issue here is the appropriate discipline. On balance, we accept the referee's recommendation that a public reprimand is appropriate.

¶27 Attorney Shepherd argued for a private sanction. He suffers from depression and has informed the referee that he intends to leave the practice of law permanently, such that a public reprimand would serve no purpose and would exacerbate his feelings of shame and sense of failure.

¶28 The referee properly declined to accept Attorney Shepherd's promise to resign his law license in exchange for a private sanction. First, as the referee correctly observed, sanctions are not only designed to deter an individual offending attorney from committing future violations. Sanctions are also intended to give notice to other attorneys and to the public that the improper practice of law carries serious consequences. Therefore, Attorney Shepherd's stated plan to leave the practice of law does not mean a lesser sanction should be imposed. Second, a lawyer is typically not permitted to voluntarily resign his or her law license while a grievance is pending. See In re Disciplinary Proceedings Against Snyder, 127 Wis. 2d 446,

380 N.W.2d 367 (1986) (voluntary resignation is an inappropriate disposition of a disciplinary proceeding); SCR 10.03(7)(a).[13]

¶29 Attorney Shepherd also asserts that his mental health issues, namely serious depression, warrant a private sanction because of the toll a public sanction will take on his mental health. In his untimely appeal, he asserted that the referee failed to adequately consider the effects of depression and underestimated Attorney Shepherd's attempts to resolve the disciplinary issues.

¶30 Although no timely appeal was filed, we note that the record does not support Attorney Shepherd's claims in this regard. The referee acknowledged that Attorney Shepherd believed his misconduct stemmed from serious depression. The referee acknowledged that depression "certainly can make the practice of law difficult." However, the referee was not persuaded that, under these facts, depression was a sufficient explanation for the misconduct to warrant a private sanction.

---

[13] SCR 10.03(7)(a) provides:

> Voluntary resignation of membership. If a member of the state bar files with the executive director a written notice of the member's surrender of his or her license to practice law and the acceptance by the supreme court of his or her resignation in the state bar, the person shall then cease to be a member of the state bar and his or her name shall be removed from the membership register. Before accepting a resignation, the supreme court shall request from the office of lawyer regulation information concerning whether the attorney is the subject of any pending grievances, investigations, or proceedings.

Moreover, the OLR had indicated that it had already considered Attorney Shepherd's depression as a mitigating factor when it recommended a public reprimand rather than a more severe sanction. The referee also expressed justifiable concern that Attorney Shepherd had not taken steps to make his clients financially whole without the need for a restitution order. Indeed, he appears to have attempted to use restitution as a bargaining chip to obtain a lesser sanction.

¶31 We recognize that depression apparently played a role in Attorney Shepherd's misconduct and have sympathy for the intense pain mental illness can inflict on those who suffer from it. Based on this record, however, we accept the referee's determination that public discipline is appropriate. Attorney Shepherd committed misconduct in three separate client matters. Work was left undone, unearned fees were not returned, and Attorney Shepherd undertook additional legal work knowing his license was suspended. No two fact situations are identical, but we agree that in this case, a public reprimand is warranted. See In re Disciplinary Proceedings Against Smead, 2013 WI 19, 345 Wis. 2d 625, 827 N.W.2d 81 (imposing public reprimand for seven counts of misconduct including accepting fees without written fee agreements, failing to deposit fees into trust account, failing to respond to client inquiries, failing to return unearned fees, and failing to notify clients of his suspension); see also Public Reprimand of Rod J. Koenen, No. 2011-15 (electronic copy available at https://compendium.wicourts.gov/app/raw/002428.html), (imposing

14

public reprimand for four counts of misconduct including failing to have written fee agreement, providing inaccurate information, placing advanced fee into business account, and failing to respond to the OLR investigation); Public Reprimand of Koua Vang, No. 2004-4 (electronic copy available at https://compendium.wicourts.gov/app/raw/001662.html), (imposing public reprimand on lawyer, with depression, for nine counts of misconduct committed in three client matters including failure to keep clients informed, failure to diligently pursue client interests, and failing to comply with a court order directing return of a file).

¶32 Finally, we agree that Attorney Shepherd should be required to pay restitution in two client matters as set forth herein and shall pay the full costs of the proceeding.

¶33 IT IS ORDERED that Philip A. Shepherd is publicly reprimanded for professional misconduct.

¶34 IT IS FURTHER ORDERED that Philip A. Shepherd shall pay $622.50 in restitution to Jean B. and $1,000 in restitution to Wisconsin Lawyers' Fund for Client Protection regarding I.P.'s claim.

¶35 IT IS FURTHER ORDERED that within 60 days of the date of this order, Philip A. Shepherd shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $1,887.96 as of March 8, 2017.

¶36 IT IS FURTHER ORDERED that payment of restitution to Jean B. and to the Wisconsin Lawyers' Fund for Client Protection

15

is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶37  IT IS FURTHER ORDERED that the March 7, 2016 temporary suspension of Philip A. Shepherd's license to practice law in Wisconsin, due to his willful failure to cooperate with the Office of Lawyer Regulation's investigation in this matter, is lifted.

¶38  IT IS FURTHER ORDERED that the administrative suspension of Philip A. Shepherd's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues, failure to file a trust account certification, and failure to comply with continuing legal education requirements, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).

¶39  IT IS FURTHER ORDERED that Philip A. Shepherd's Petition to Voluntarily Surrender his Wisconsin Law License is granted, and his license is surrendered effective the date of this order.

¶40  IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.

¶41 SHIRLEY S. ABRAHAMSON, J. *(concurring in part and dissenting in part).* I disagree with the court's accepting the voluntary resignation from the practice of law. See my dissent in the order dated May 15, 2017, in OLR v. Horsch, No. 2015AP1928-D, addressing the issue of a voluntary resignation during an ongoing OLR proceeding.

¶42 Our case law is clear: The court does not grant an attorney's petition to voluntarily resign from the practice of law when a disciplinary action is pending to avoid the imposition of discipline for unprofessional conduct. See, e.g., In re Disciplinary Proceedings Against Ewald-Herrick, 2014 WI 40, ¶19, 354 Wis. 2d 672, 847 N.W.2d 823; In re Disciplinary Proceedings Against Schalow, 131 Wis. 2d 1, 388 N.W.2d 176 (1986); In re Disciplinary Proceedings Against Snyder, 127 Wis. 2d 446, 380 N.W.2d 367 (1986); In re Disciplinary Proceedings Against Wortley, 126 Wis. 2d 58, 374 N.W.2d 898 (1985).

¶43 The difficulty with a voluntary resignation is that a lawyer who resigns can "unresign," and the Supreme Court Rules do not set forth a procedure the attorney, the OLR, and the court should follow at that time. It may be difficult at that time to prove misconduct and impose appropriate conditions for readmission.

¶44 If the court wants to accomplish the goals of disciplining Attorney Shepherd for misconduct and allowing Attorney Shepherd to terminate his practice of law, I conclude that the court should follow Supreme Court Rule 22.19. Under

this rule, Attorney Shepherd would be permitted to file a petition stating that that he cannot successfully defend against the charges and that he petitions for voluntary <u>revocation</u> of his license.

¶45 In contrast to <u>resignation</u>, Supreme Court Rule 22.19 provides that an attorney who is the subject of an OLR proceeding may petition for voluntary <u>revocation</u> of his or her license as follows.

**SCR 22.19 Petition for consensual license revocation.**

(1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme court a petition for the revocation by consent or [sic] his or her license to practice law.

(2) The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

(3) If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated. Within 20 days after the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition. Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.

(4) If a complaint has been filed, the petition shall be filed in the supreme court and served on the director and on the referee to whom the proceeding has been assigned. Within 20 days after the filing of the petition, the director shall file in the supreme court a response in support of or in opposition to the petition and serve a copy on the referee. Upon a showing of good cause, the supreme court may extend the time for filing a response. The referee shall file a report and recommendation on the petition in the supreme court within 30 days after receipt of the director's response.

2

(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

¶46 In contrast to a lawyer who voluntarily resigns, a lawyer whose license has been revoked cannot seek readmission for five years, SCR 22.29(2), and the revocation documents will provide a full record for the court's consideration at the time of readmission. The Rules provide a procedure for investigation upon a request for readmission. If Attorney Shepherd is sincere about not wanting to practice law again, SCR 22.19 seems to fit the instant case.

¶47 For the reasons set forth, I would not accept Attorney Shepherd's voluntary resignation.

¶48 I suggest that the OLR Procedure Review Committee (Professor Marsha Mansfield, University of Wisconsin Law School, Reporter), appointed by the court in June 2016, examine the issue of voluntary resignation (and readmission proceedings thereafter) and voluntary revocation by an attorney subject to a discipline proceeding who wishes to terminate his or her practice of law. The instant case is illustrative of a problem.

¶49 For the reasons set forth, I write separately.

¶50 I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.