# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP411-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Michele A. Tjader, Attorney at Law: |
| | Office of Lawyer Regulation, <br>         Complainant, <br>    v. <br> Michele A. Tjader, <br>         Respondent. |
| | DISCIPLINARY PROCEEDINGS AGAINST TJADER |

| | |
|---|---|
| OPINION FILED: | October 16, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | A.W. BRADLEY, J., dissents, joined by ABRAHAMSON, J. |
|   NOT PARTICIPATING: | DALLET, J., did not participate. |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2017AP411-D

STATE OF WISCONSIN           :           IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Michele A. Tjader, Attorney at Law:**

**Office of Lawyer Regulation,**           **FILED**

           **Complainant**

                                           **OCT 16, 2018**

           **v.**

                                           Sheila T. Reiff
                                           Clerk of Supreme Court

**Michele A. Tjader,**

           **Respondent.**

---

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1   PER CURIAM.   We review the supplemental report filed by Referee John Nicholas Schweitzer, adopting an amended stipulation entered between the Office of Lawyer Regulation (OLR) and Attorney Michele A. Tjader.

¶2   After careful review, we accept the referee's recommendation and parties' stipulation wherein Attorney Tjader stipulates that she does not contest six counts of misconduct alleged in the OLR's complaint and the OLR seeks dismissal of three counts.  We agree with the parties and the referee that a

public reprimand is an appropriate level of discipline for Attorney Tjader's misconduct, that restitution is not required, and that Attorney Tjader should be assessed the full costs of the proceeding, which are $3,298.19 as of June 26, 2018.

¶3 Attorney Tjader was admitted to practice law in Wisconsin in 1996. She practices in Madison. She has been disciplined by this court on three prior occasions. In 2002, we publicly reprimanded Attorney Tjader for lack of competence, lack of diligence, failing to comply with reasonable requests for information, failing to promptly return an advance payment of fees that had not been earned, and conduct involving dishonesty, deceit, and misrepresentation. In re Disciplinary Proceedings Against Tjader 2002 WI 37, 252 Wis. 2d 94, 643 N.W.2d 87. In 2006, Attorney Tjader received a private reprimand for failing to comply with reasonable requests for information and failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. Private Reprimand No. 2006-2 (electronic copy available at https://compendium.wicourts.gov/app/raw/001855.html). In 2014, Attorney Tjader received another private reprimand for committing a criminal act that reflected adversely on her honesty, trustworthiness or fitness as a lawyer in other respects as a result of being convicted of operating while intoxicated (OWI) – second offense. Private Reprimand No. 2014-20 (electronic copy available at https://compendium. wicourts.gov/app/raw/002709.html).

2

¶4 This disciplinary proceeding commenced on March 7, 2017, when the OLR filed a complaint alleging that Attorney Tjader committed nine counts of professional misconduct involving three clients.[1] The OLR initially recommended a 60-day suspension and that Attorney Tjader be ordered to pay restitution in one client matter, for failure to reimburse an expert for an accident report. During the course of litigation, the OLR concluded that it would not be able to meet its burden of proof as to three of the nine alleged counts. Accordingly, the OLR reduced the recommended sanction to a public reprimand.

¶5 On January 22, 2018, the parties executed an initial stipulation in which the OLR recommended dismissal of three counts, Attorney Tjader stated she did not contest the remaining six counts, and the parties agreed a public reprimand was appropriate. However, this stipulation failed to address restitution.

¶6 The referee issued a report on February 13, 2018, in which he accepted the recommendations in the stipulation but further recommended that this court order Attorney Tjader to refund each of the three clients the full amount of fees paid, an amount that would exceed $34,000. He recommended the court

---

[1] Attorney Tjader initially failed to respond to the complaint and the OLR filed a Motion for Default Judgment. However, Attorney Tjader eventually responded, a referee was appointed, and discovery and further investigation ensued.

place the burden on Attorney Tjader to demonstrate what, if anything, she earned if she wanted to reduce this amount.

¶7 After the referee's initial report was filed, the OLR filed a restitution statement stating that it does not seek restitution in this matter because restitution with respect to the first two clients was "not reasonably ascertainable" and the OLR had determined that the expert who prepared the accident report has since been paid.[2] In view of this discrepancy, we remanded the matter with directions to the parties to amend their stipulation to address restitution and directed the OLR to explain the basis for the recommended discipline.

¶8 An amended stipulation was filed on May 8, 2018. In the amended stipulation the OLR again recommends the court dismiss three of the alleged counts of misconduct. Attorney Tjader states that she does not contest the remaining six misconduct counts, which alleged violations of former

---

[2] The OLR's policy is to seek restitution only when:

(1) There is a reasonably ascertainable amount;

(2) The funds to be restored were in the respondent lawyer's direct control;

(3) The funds to be restored do not constitute incidental or consequential damages; and

(4) The grievant's or respondent's rights in a collateral proceeding will not likely be prejudiced.

4

SCR 20:1.15(b)(4m)b[3] and SCR 20:1.16(d),[4] stemming from her representation of three clients.

---

[3] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2016.

Former SCR 20:1.15(b)(4m)b provided:

A lawyer who accepts advanced payments of fees may deposit the funds in the lawyer's business account, provided that review of the lawyer's fee by a court of competent jurisdiction is available in the proceeding to which the fee relates, or provided that the lawyer complies with each of the following requirements:

b. Upon termination of the representation, the lawyer shall deliver to the client in writing all of the following:

1. a final accounting, or an accounting from the date of the lawyer's most recent statement to the end of the representation, regarding the client's advanced fee payment with a refund of any unearned advanced fees;

2. notice that, if the client disputes the amount of the fee and wants that dispute to be submitted to binding arbitration, the client must provide written notice of the dispute to the lawyer within 30 days of the mailing of the accounting; and

3. notice that, if the lawyer is unable to resolve the dispute to the satisfaction of the client within 30 days after receiving notice of the dispute from the client, the lawyer shall submit the dispute to binding arbitration.

[4] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable

(continued)

¶9 The relevant facts are as follows. In 2013 and 2014, Attorney Tjader represented N.B. in a criminal OWI matter; K.D. in a civil OWI matter; and L.H. in a felony matter. Each of those clients paid advance fees to Attorney Tjader. N.B. paid Attorney Tjader $3,500 in advanced fees, K.D. paid her $4,500, and L.H. paid her $25,000. Attorney Tjader deposited all these fees directly into her business account. Nevertheless, at the conclusion of her representation of each client, Attorney Tjader failed to provide them with the notices required under former SCR 20:1.15(b)(4m)b. Attorney Tjader also failed to provide each of the clients with a refund of unearned fees, if any, or sufficient information to show that no such refund was owing, in violation of SCR 20:1.16(d).

¶10 In the amended stipulation, Attorney Tjader avers that the stipulation did not result from plea-bargaining, that she does not contest the facts and misconduct alleged by the OLR in counts 2, 3-5, and 8-9, and that the facts alleged in the complaint form a basis for the discipline requested. Attorney Tjader further represents that she fully understands the misconduct allegations; fully understands the ramifications

---

to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

should this court impose the stipulated level of discipline; fully understands her right to contest the matter; fully understands her right to consult with counsel; that her entry into the stipulation is made knowingly and voluntarily; and that the stipulation represents her decision not to contest the level and type of discipline sought by the OLR director.

¶11 The referee filed a supplemental report on May 31, 2018, adopting the stipulation. The referee agreed that a public reprimand was an appropriate sanction for the misconduct described above, and acceded to the parties' recommendation that no restitution is warranted.

¶12 No appeal has been filed so we review this matter pursuant to SCR 22.17(2).[5] A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

---

[5] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶13 There is no showing that any of the referee's findings of fact, based on the parties' amended stipulation, are clearly erroneous. Accordingly, we adopt them. We agree that dismissal of counts 1, 5, and 6 is appropriate, and we agree that Attorney Tjader violated supreme court rules noted above.[6]

¶14 With respect to the appropriate sanction, this court follows a general policy of progressive discipline. In re Disciplinary Proceedings Against Nussberger, 2006 WI 111, 296 Wis. 2d 47, 719 N.W.2d 501. Attorney Tjader's record of three previous reprimands makes another public reprimand somewhat lenient, but we are persuaded by the referee's recommendation.

¶15 The referee observed that Attorney Tjader's failure to comply with SCR 20:1.15(b)(4m)b "amounted to technical violations of essentially a failure to provide appropriate notice to her clients" citing In re Disciplinary Proceedings Against Rajek, 2015 WI 18, 361 Wis. 2d 60, 859 N.W.2d 439. In light of this precedent, the referee agreed that, notwithstanding the policy of progressive discipline, a public reprimand is appropriate here. See In re Disciplinary

---

[6] We dismiss counts 1, 6, and 7 of the OLR complaint, which alleged that: by failing to take steps to accurately ascertain the status of the matter after receiving N.B.'s inquiries into the status of her driver's license, and by failing to take any steps to mitigate the consequences of the untimely filed demand for a refusal hearing, Attorney Tjader violated SCR 20:1.3 (Diligence) (Count 1); by failing to timely address the restitution issue after L.H.'s sentencing, Attorney Tjader violated SCR 20:1.3 (Count 6); and by failing to inform L.H. that a restitution order had been issued by the court, Attorney Tjader violated SCR 20:1.4(a)(3) (Communication) (Count 7).

Proceedings Against Shepherd, 2017 WI 66, 376 Wis. 2d 129, 897 N.W.2d 44 (concluding a public reprimand was warranted where, in addition to other allegations, an attorney failed to provide notices and refunds of unearned fees); In re Disciplinary Proceedings Against Smead, 2013 WI 19, 345 Wis. 2d 625, 827 N.W.2d 81 (imposing a public reprimand for seven counts of misconduct including failing to deposit fees into a trust account and failing to return unearned fees).

¶16 The OLR assured the court in its memorandum in support of the amended stipulation that it carefully considered Attorney Tjader's disciplinary history when determining the OLR's recommendation for a public reprimand. Consistent with Rajek, Attorney Tjader's misconduct in these matters, absent her disciplinary history, might have warranted a diversion or private reprimand. The OLR explains that it maintained pursuit of a public reprimand, rather than private discipline, precisely because of Attorney Tjader's disciplinary history.

¶17 Moreover, with respect to restitution, although the parties have stipulated that Attorney Tjader violated SCR 20:1.16(d), the OLR does not dispute that Tjader performed the services each of these clients hired her to do. The OLR notes that to the extent that any of these clients believe the fees they were charged were not reasonable, the State Bar of Wisconsin offers fee arbitration to address such concerns. In the amended stipulation, Attorney Tjader has explicitly confirmed her willingness to participate in fee arbitration if

initiated by any of her clients and has agreed that she would comply with any arbitration award.

¶18 Finally, we agree with the referee that, consistent with our general policy, Attorney Tjader should be required to pay the full costs of the proceeding, which are $3,298.19. SCR 22.24(1m).

¶19 IT IS ORDERED that Michele A. Tjader is publicly reprimanded for professional misconduct.

¶20 IT IS FURTHER ORDERED that, as stipulated, Michele A. Tjader shall submit any fee dispute, if pursued by any of the three grievants noted in this decision, to binding fee arbitration before the State Bar of Wisconsin Fee Arbitration Program and shall comply with any arbitration award.

¶21 IT IS FURTHER ORDERED that within 60 days of the date of this order, Michele A. Tjader shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $3,298.19 as of June 26, 2018.

¶22 IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.

¶23 REBECCA FRANK DALLET, J., did not participate.

¶24 ANN WALSH BRADLEY, J. *(dissenting).* In spite of Attorney Tjader having received three prior reprimands, the court imposes yet another reprimand.[1] Accepting the recommendation of the referee, which in turn accepted the amended stipulation of the parties, it determines that a public reprimand is appropriate.

¶25 In justifying its decision, the court apparently is persuaded by the Office of Lawyer Regulation's (OLR) assurance that a public reprimand is the correct level of discipline. See per curiam, ¶16. I am not persuaded by OLR's assurance. Instead, for the reasons set forth below, I would impose progressive discipline and place the onus on Attorney Tjader to demonstrate that no restitution is required.

¶26 First, the opinion of this court states that "the OLR assured the court in its memorandum in support of the amended stipulation that it carefully considered Attorney Tjader's disciplinary history when determining OLR's recommendation for a public reprimand." Part of that disciplinary history includes a private reprimand issued by OLR——not this court——for a second offense OWI.[2]

---

[1] Attorney Tjader was publicly reprimanded in 2002, and privately reprimanded in 2006 and 2014.

[2] SCR 22.05(1)(c) provides that: "Upon completion of an investigation, the director may do one or more of the following: . . . Obtain the respondent's consent to the imposition of a public or private reprimand and proceed under SCR 22.09."

¶27 I thought that we were long since past the time of addressing multiple OWI convictions (a criminal offense) by imposing merely a private reprimand. See e.g., In re Disciplinary Proceedings Against Horsch, 2017 WI 105, ¶23, 378 Wis. 2d 554, 905 N.W.2d 129 (explaining that "multiple OWI convictions are unquestionably a serious failing that 'reflects adversely on [an attorney's] fitness as a lawyer in other respects.'") The OLR's assurance that "it carefully considered" Attorney Tjader's disciplinary history when making this recommendation for a public reprimand rests on what appears to be the misguided foundation of OLR's private reprimand for her prior criminal conviction.

¶28 Second, the OLR seems to be taking a statement by this court regarding progressive discipline and turning it on its head. As justification for going along with the stipulation, the referee in this case observed that OLR apparently took the position that because Attorney Tjader's prior misconduct did not involve the same violations asserted here, that progressive discipline need not be imposed. For this dubious proposition it relied on our statement recognizing that progressive discipline should be followed, especially in cases of repeated violations of the same code provision. In re Disciplinary Proceedings Against Nussberger, 2006 WI 111, ¶27, 296 Wis. 2d 47, 719 N.W.2d 501. Somehow, the OLR apparently now relies on this statement as a justification to not impose progressive discipline when there are violations of different code provisions.

2

¶29 Finally, the OLR's position on restitution is misguided. It places the onus for professional misconduct on the victim of that misconduct rather than on the attorney engaging in the misconduct. We recently advised the OLR of the error of its ways in Matter of Med. Incapacity Proceedings Against Muwonge, 2017 WI 12, ¶23, 373 Wis. 2d 173, 890 N.W.2d 575 (explaining that restitution "may be reduced by any amount that [the] [a]ttorney [] can establish, to the satisfaction of the OLR, represents the value of legal services he actually performed for [the client].").

¶30 Accordingly, I respectfully dissent.

¶31 I am authorized to state that Justice SHIRLEY S. ABRAHAMSON, joins this dissent.